' No. 7784.

MRS. M. ELVIRA HUGUET VS. J. W. BATES, SHERIFF, ET AL.

Where, in a sale by licitation of succession property, the husband of one of the co-heirs becomes a purchaser, such purchase does not constitute a sale by the wife to the husband within the prohibition of C. C. 2446, re-affirming Rowley vs. Rowley, 19 Louisiana, 576.

Where, on partition of the proceeds of such a sale, the share of the wife is retained by the husband, he becomes bound to her for money received for her account, and she cannot thereafter invoke the resolutory condition, on the ground of the non-payment of her portion of the proceeds.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. McVea, J.

Herron, Bird & Beale and C. D. Favrot for plaintiff and appellant : Plaintiff's husband having bought in his name, at the partition sale of her father's succession, property belonging to said succession, and having retained, and not paid, the price of sale, which was due to her, it should be considered and decreed that the title is in plaintiff, and that the property was bought by her husband for her account and with her paraphernal funds. 22 An. 105 ; 15 An. 569 ; 1 An. 520 ; 8 An. 499 ; C. C. arts. 1265, 2320, 2337, 2412.

Read & Goodale for defendants and appellees : The purchase was that of the husband, not of the wife. She is his creditor for the price, and should have recorded her rights of mortgage against him.

The opinion of the court was delivered by

WHITE, J. In the suit of J. S. Huguet for the use of Felix Formento, vs. W. P. Huguet, certain real estate was advertised for sale. Mrs. Elvira Kleinpeter, wife of J. S. Huguet, enjoined the sale, claiming ownership of the property. Owing to the insufficiency of the bond, the injunction was dissolved shortly after its issuance. The suit was subsequently tried and judgment rendered against Mrs. Huguet, from which she appealed devolutively. In order to understand the issues presented, a brief

statement of facts is requisite. John B. Kleinpeter died in the parish of Baton Rouge in 1861, leaving a widow and the following legal heirs : Josiah Kleinpeter, Mrs. M. Elvira Kleinpeter, wife of J. S. Huguet, Mrs. Mary Caroline Kleinpeter, wife of Samuel McConnell, and Miss Mary A. Kleinpeter, then a minor. His succession was opened by the appointment of an administrator, and the inventory thereof amounted to $172,000. On the 18th of January, 1862, a certain plantation, belonging to the succession, was sold by the sheriff to John S. Huguet and Samuel McConnell for the price of $161,672 50. The order, in virtue of which the sale was made, is not in the record ; we, however, conclude from the sheriff's procès verbal that it was a decree for partition. The terms of the sale, as fixed by the order, as recited in the act of sale by the sheriff, were as follows : As to the minor's share, on a credit of one, two, three, and four years, evidenced by notes bearing six per cent to maturity, and eight per cent thereafter, secured by mortgage ; as to the major heirs, at one, two, and three years, evidenced by notes bearing eight per cent from date until paid. On the 8th of February, 1862, the Widow Kleinpeter in her own behalf and as tutrix of the minor, and the major heirs, Mrs. McConnell and Mrs. Huguet, being represented by their husbands, by act before the parish recorder, partitioned the proceeds of sale, the result of the partition being that Messrs. McConnell and Huguet retained in their hands the portion of their bid which would have accrued to their respective wives, and gave notes for the shares of the others. Thereafter, in April, 1862, the administrator filed a final account of his gestion, in which he credited himself with the proceeds of the sale partitioned among the heirs. The property thus acquired by McConnell and Huguet was by them sold in 1866 to W. S. Pike ; was resold them by Pike in 1867, and in 1868, Huguet became by purchase the owner of the undivided share of McConnell. Under this state of fact, the theory upon which the plaintiff's case proceeds is, that she is the owner of the property, having been really the purchaser at the partition sale ; that instead of being a licitation, it was really a partition in kind ; that as the husband paid nothing for the wife's share, but simply in the act of partition retained in his hands the portion of the price due, therefore the undivided interest of the wife remained hers. 2d. That if the purchase was validly made by the husband, then, the price not having been paid, she is entitled to the resolution of the sale, for which she prayed in a supplemental petition, which also prayed that the co-heirs be made parties. We will consider the grounds separately.

First—The claim, that the wife and not the husband was the purchaser, as also, that the sale was merely a partition in kind, finds its refutation in the fact which we have already stated. The arguments by which it is sought to maintain these grounds, practically, when reduced

to their last analysis, amount to the proposition, that as sales between, husband and wife are prohibited, except under given conditions, C. C. 2446, therefore, a husband is incompetent to purchase at a partition sale of the property of a succession where the wife is an heir ; such a sale amounting, under the theory of our law, to a sale by the wife to the husband of her interest in the property. Whatever might be the theoretical difficulties involved in the negative solution of the proposition, if we were called upon to examine it as a new question, we need not embarrass our views by considering them, as the question is not new, but, on the contrary, has long since been determined. In Rowley vs. Rowley, 19 Louisiana, 576, this court in considering a sale like the one now under review, said: " That the title, to the whole estate called Marengo, * * * was, by the sale and purchase then made, vested in the defendant, and therefore, community property, we have no doubt. The proceedings, which were had previous to this sale, were for the purpose of effecting a partition of the joint estate. * * * The sale was a forced and judicial one for the purposes of partition, and at such a sale we think a husband may be a purchaser, and by it vest the interest of the wife in the community, it being responsible to her for the price only." After commenting on the extent of the prohibition of sales between husband and wife, the court added : " But we see nothing in the law to prevent a husband from purchasing at a probate sale of a succession, to which his wife is an heir, a portion, or the whole, of the property composing it, and holding as if such property were purchased from any one else. * * * Should the portion of the wife be imputed to the extinguishment of the price to be paid by the husband, then he is unquestionably bound to her for it." * * * The views thus expressed have never been overruled or questioned ; on the contrary, were adhered to in Dees vs. Seale, 5 An. 688. They have become a rule of property which we cannot be expected to disturb. The case of Decuir vs. Lejeune, 15 An. 569, relied on by counsel, is not in point ; there the wife was the sole heir of her father and mother ; her present and future property was dotal ; upon the death of the father and mother the wife went into possession as sole heir. After unconditional acceptance the husband provoked an administration and sale, at which he became the purchaser of all the property. The whole proceeding having been found simulated and provoked with the object of divesting the property of its dotal feature, was stricken with nullity.

Second—The proof leaves no doubt that the shares which fell to the other heirs, from the credit proceeds of the sale, have been either paid or otherwise extinguished. Pretermitting any expression of opinion as to the grave questions involved in determining whether under such circumstances the plaintiff could invoke the resolutory condition, we deem it,

adequate to say, that the portion of the price which was attributed to her by the act of partition was assumed by the husband as money paid him. Under this state of things, both the case of Rowley vs. Rowley and that of Dees vs. Seale teach that the husband as head of the community, administering the paraphernal property, is considered *as having received the price* for the wife's account, and the amount, being thus deemed paid into his hands, is secured by the wife's mortgage.

There are other questions raised in the brief of counsel which we do not, for the sake of brevity, discuss. We have considered them all, and think them disposed of by the views we have expressed. We see no reason to increase the damages.

Judgment affirmed with costs.