# YAZOO AND MISSISSIPPI VALLEY RAILROAD COMPANY *v.* BREWER.

### ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 62.   Argued November 12, 13, 1913.—Decided December 1, 1913.

*Dushane* v. *Beall*, 161 U. S. 513, followed, to effect that the two year limitation provided by § 5057, Rev. Stat., applies only to suits growing out of disputes in respect of property and of rights of property of the bankrupt which came to the hands of the assignee to which adverse claims existed while in the hands of the bankrupt and before assignment. *Hammond* v. *Whittredge*, 204 U. S. 538.

When a cause of action accrues is a question of state law; and where the judgment below determining who was in possession of the land at a given time rests wholly on state law and is sufficiently broad to support the judgment without involving any Federal right asserted by plaintiff in error this court has no jurisdiction.

Writ of error to review 128 Louisiana, 544, dismissed.

THE facts, which involve the jurisdiction of this court to review judgments of the state court resting on other than Federal grounds and the construction and application of § 5057, Rev. Stat., are stated in the opinion.

*Mr. Benjamin Ory*, with whom *Mr. Hunter C. Leake*, *Mr. Gustave Lemle*, *Mr. Charles N. Burch* and *Mr. H. D. Minor* were on the brief, for plaintiffs in error.

*Mr. M. M. Lemann*, with whom *Mr. J. Blanc Monroe* was on the brief, for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

This is a suit by Mrs. Annie E. Brewer as plaintiff, now defendant in error, brought in the Civil District Court for the Parish of Orleans in the State of Louisiana against

the Yazoo and Mississippi Valley Railroad Company, one
of the plaintiffs in error, to establish title to a certain
portion of the square of ground known as square No. 150
in the city of New Orleans. The District Court decided
the case in favor of Mrs. Brewer and the judgment was
affirmed upon appeal to the Supreme Court of Louisiana
(*Brewer* v. *Yazoo & M. V. R. Co.*, 128 Louisiana, 544) and
the case is brought here.

Both parties claim title under one Henry Parish, who,
in 1848, appears to have been the owner of the land. He
died in New York, and on December 17, 1857, his will
was there admitted to probate. By the will, the square
in controversy passed to Peter Conrey in trust for the
benefit of one Henry Parish Conrey, with directions that
it should be conveyed to him. In December, 1859, Henry
Parish Conrey died and his succession was opened in the
Second District Court for the Parish of Orleans. Inven-
tory was taken, including the property now in question,
and on June 9, 1860, James Grimshaw, as administrator,
executed a notarial act conveying the property to George
Brewer. On December 28, 1875, George Brewer was ad-
judged a bankrupt and on January 15, 1876, his estate,
real and personal, was conveyed to Charles H. Reed, as
assignee, who on November 23, 1876, by order of court
conveyed the property to Mrs. Annie E. Brewer, plaintiff
below. This is the title upon which Mrs. Brewer re-
lied.

The defendants claimed title from the fact that Daniel
Parish on April 11, 1868, appearing as a resident of the
State of New York, presented a petition to the Second
District Court of the Parish of Orleans, alleging that the
will of Henry Parish had been admitted to probate in that
State and that he had qualified as one of the executors,
and submitted an exemplified copy of the will and of the
proceedings and prayed that the will be executed, which
was accordingly done. The executor under an order of sale

on April 25, 1871, conveyed the property in question to H. C. Boucher. On January 15, 1872, Boucher sold to George W. Babcock, and on September 8, 1896, the widow and heirs of Babcock sold to Benjamin Recurt, and on March 31, 1897, Recurt sold to William Laferriere, Etienne Gele and Jean Marie Gele, and these last named on November 22, 1898, sold a portion of square 150 to the Railroad Company.

For reasons dependent upon the law of the State, which we need not now recite, the Supreme Court of Louisiana held that the property had vested in Henry Parish Conrey and that subsequently by the various means stated had passed to the present defendant in error, plaintiff below. It also held that the title of the Railroad Company was fatally defective for reasons resting upon state law, which are set forth in the opinion.

It is contended by the plaintiff in error that the record presents a question decided in the Supreme Court of the State in such manner as to deny rights asserted in that court under a statute of the United States. This contention rests upon the prescription claimed by Laferriere and the Geles, warrantors of the Railroad Company (the various warrantors in title having been made parties to the suit), which is said to arise under § 5057 of the Revised Statutes of the United States which reads as follows:

"No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee. And this provision shall not in any case revive a right of action barred at the time when an assignee is appointed."

The plaintiff in error insists that under this statute the alleged right of action of Mrs. Brewer was barred, and

that this defense should have been available when invoked in the state court.

The object of the statute is manifest and its purposes are kindred to other statutory provisions looking to a speedy settlement of estates in bankruptcy. The section was before this court in *Dushane* v. *Beall*, 161 U. S. 513, and it was there held that it applied "only to suits growing out of disputes in respect of property and of rights of property of the bankrupt which came to the hands of the assignee, to which adverse claims existed while in the hands of the bankrupt and before assignment." This construction of the act was adhered to in *Hammond* v. *Whittredge*, 204 U. S. 538, 550. It therefore follows that in order to have barred the cause of action asserted by Mrs. Brewer in the present case an adverse claim in favor of the plaintiffs in error must have existed while the property was in the hands of the bankrupt and before assignment. It is the contention of the plaintiffs in error that the claim existed as against George Brewer, the bankrupt, and as against the assignee as soon as he was appointed, growing out of the adverse title recorded by Boucher and Babcock in 1871 and 1872. But this view was rejected by the Supreme Court of Louisiana, and, dealing with the prescription claimed for the warrantors because of § 5057, that court said (128 Louisiana, p. 557):

"The provision of law thus invoked applies, in terms, to causes of action which have accrued 'for, or against such assignee,' but not to causes of action which arise between persons who purchase property from an assignee and other persons, long after such purchases, and long after the assignee has become *functus officio;* and it does not apply to this case, because, in January, 1876, when Reed was appointed assignee in bankruptcy of Brewer, the cause of action here sued on did not exist, since neither the defendant nor any of its authors pretended at that time to be in possession of the land here claimed, or had ever done any-

thing to interfere with the constructive possession following the authentic act by which Brewer acquired his title."

Citing other decisions of the Supreme Court of Louisiana the learned counsel for the plaintiffs in error contends that the law is otherwise, a contention which is resisted with vigor by the learned counsel for the defendant in error. The decision of the Supreme Court of Louisiana in this case upon a question of Louisiana law is conclusive upon this court. The Supreme Court of Louisiana held that no cause of action existed when Reed was appointed assignee in bankruptcy, and that neither the defendant nor any of its authors had made any pretense of possession of the land in controversy nor had they done anything to interfere with the constructive possession following the act by which Brewer acquired title. When the cause of action accrued to recover the land, was a question of state law, not depending upon the Federal statute. In deciding that no cause of action had accrued to Brewer available to the assignee, because the plaintiffs in error or those under whom they claimed were not in possession of the land, the court rested its decision wholly upon state law. The disposition of this question by the state court in the manner we have stated controlled the decision of the case and was sufficiently broad to support the judgment without involving the denial of any Federal right asserted by the plaintiff in error. *Waters-Pierce Oil Co.* v. *Texas,* 212 U. S. 112, 116.

It follows that the writ of error must be

*Dismissed.*