(83 South. 30)

No. 22334.

BREWER et al. v. BREWER.

(June 30, 1919. Rehearing Denied Oct. 14, 1919.)

(*Syllabus by Editorial Staff.*)

1. HUSBAND AND WIFE ☞276(8)—ADJUDICATION TO HUSBAND OF COMMUNITY PROPERTY OWNED PARTLY BY MAJOR HEIRS INVALID.

Community property owned partly by two major heirs, the wife of the community having died, was not subject to the adjudication to the husband allowed by Civ. Code, art. 343, and Rev. St. 1870, § 2363.

2. HUSBAND AND WIFE ☞276(8) — UNRECORDED ADJUDICATION OF COMMUNITY PROPERTY TO HUSBAND INVALID.

An adjudication of the community property, after death of a wife, to her husband, was without effect where never recorded in the mortgage office.

3. HUSBAND AND WIFE ☞276(8)—MORTGAGE AS SECURITY OF ADMINISTRATION OF NATURAL TUTOR.

Where an act of mortgage purported to secure the rights of minor children of a deceased mother and not the price of an adjudication of community land to the surviving husband, and the proceedings of the family meeting recommending it showed on their face the mortgage was not given to secure any debt or obligation whatever, such special mortgage was null and void.

4. LIMITATION OF ACTIONS ☞36(3) — PRESCRIPTION OF FIVE YEARS APPLIES TO VOLUNTARY OR CONVENTIONAL ACTS.

Civ. Code, art. 3542, establishing a prescriptive period of five years against actions for nullity or rescission of contracts, testaments, or other acts, applies only to voluntary or conventional acts, not to public sales or judicial transfers, as to which the five years' prescription cures only informalities, under article 3543.

5. BANKRUPTCY ☞298 — CLAIM OF MINOR CHILDREN OF BANKRUPT FOR LAND INHERITED FROM MOTHER.

Rev. St. U. S. § 5057, providing no suit shall be maintainable between an assignee in bankruptcy and a person claiming an adverse interest touching any property transferable to or vested in the assignee, unless brought within two years, *held* not applicable to· minor children who inherited from their deceased mother land of the community adjudicated improperly to the father who subsequently became bankrupt.

6. ADVERSE POSSESSION ☞14—PRESCRIPTION ACQUIRENDI CAUSA RUNS ONLY FOR ONE IN POSSESSION.

Prescription acquirendi causa runs only in favor of a person in possession of the property.

7. HUSBAND AND WIFE ☞276(8)—RATIFICATION BY SONS OF INVALID TITLE TO COMMUNITY REALTY ACQUIRED BY HUSBAND.

Invalid title acquired by a husband to community land after death of his wife through an adjudication to him *held* ratified, and his ownership of the property recognized, as to the interest of the two sons of the marriage who were of age at the time of the adjudication, one of whom approved all proceedings as undertutor, and accepted the special mortgage for minor children, while the other was a member of the family meeting that recommended the mortgage.

8. HUSBAND AND WIFE ☞36—PROHIBITION OF CONVENTIONAL OR PRIVATE SALES BETWEEN.

Civ. Code, art. 2446, prohibiting generally sales between husband and wife, is applicable only to conventional or private sales, not to judicial or public sales, despite the amendment of article 1139 (now 1146) by Act No. 112 of 1840.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by David S. Brewer and others against Widow Annie E. Brewer. From judgment for plaintiffs, defendant appeals. Judgment affirmed in part, and annulled in part and modified.

Hall, Monroe & Lemann, of New Orleans, for appellant.

Delvaille H. Théard, of New Orleans, for appellees.

O'NIELL, J. Defendant appeals from a judgment declaring plaintiffs the owners of

a half interest in two squares of ground claimed by her, in New Orleans. Plaintiffs, answering the appeal, pray that the judgment be amended so as to declare them the sole owners of the property.

The two squares were bought by George Brewer, in 1860, during his marriage with Mary Addie Langley, and became the property of the matrimonial community. She died, intestate, in 1873, leaving seven children, issue of her marriage with George Brewer, namely: George H. Brewer and David S. Brewer, who were of age, and Mary Addie Blake Brewer, Elizabeth Frances Brewer, Catherine Euphemia Brewer, John Wesley Brewer, and Isabella E. Brewer, all minors. John Wesley Brewer died intestate and unmarried in 1883, and his seventh interest in his mother's succession was inherited by his brothers and sisters. George H. Brewer died intestate in 1893, leaving as his only child and sole heir Charles W. Brewer, one of the plaintiffs in this suit. Mary Addie Blake Brewer married Joseph A. Sturtevant and died intestate in 1915, leaving as her heirs at law five children, who are plaintiffs in this suit, namely: Joseph R. Sturtevant, Mary V. Sturtevant, Ernest O. Sturtevant, Herbert D. Sturtevant, and Warren G. Sturtevant. The four other plaintiffs are the son and daughters of the deceased Mary Addie Langley Brewer, issue of her marriage with George Brewer, who died intestate in 1884, namely: David S. Brewer, Elizabeth Frances Brewer, Catherine Euphemia Brewer Nutting, and Isabella E. Brewer Lee.

Defendant is the widow by second marriage of George Brewer. There were no children of that marriage.

George Brewer was confirmed and qualified as natural tutor of his five minor children in 1873, and his son George H. Brewer was appointed undertutor. The tutor, George Brewer, had the community property adjudicated to him, under authority of article 343 of the Civil Code, section 2363 of the Revised Statutes. Thereafter, he went into bankruptcy, and the property in question was sold to the defendant in this suit, who was separate in property from her husband.

Plaintiffs contend that the adjudication to their father of the half interest they inherited from their mother was absolutely null for the following reasons, viz.: (1) That though the adjudication purported to be of the whole property, the family meeting only recommended the adjudication of the interest of the minor children; (2) that the property was not susceptible of being adjudicated to the surviving parent, under the provisions of article 343, R. C. C., and section 2363, R. S., because it did not belong exclusively to the surviving parent and his minor children, but belonged in part to the two major sons; and (3) that the adjudication was never recorded, and, although the tutor afterwards went through the form of granting and recording a special mortgage in lieu of the mortgage resulting from the adjudication, the special mortgage was null because it was not given for a specified or limited sum of money, and therefore the registry of the act did not cure the defect resulting from the failure to record the adjudication.

Plaintiffs contend that the sale made to defendant in the bankruptcy proceedings of her husband, was null, even as to the half interest which he owned as surviving partner in community with his first wife, because the sale was, in substance and effect, a sale by the husband to the wife, in violation of article 2446 of the Civil Code.

[1-3] We agree with the ruling of the district judge that the adjudication of the community property to George Brewer was null, mainly because the property, being owned partly by two major heirs, was not subject to the adjudication allowed by article 343 of the Civil Code and section 2363 of the Revised Statutes. Although the whole property

was adjudicated, the family meeting only recommended the adjudication of the minor's interest. Besides, under the ruling in Succession of Burguieres, 140 La. 46, 28 South. 883, the adjudication was without effect because it was never recorded in the mortgage office. It is true, this court held, in Brewer v. Wright, 130 La. 491, 58 South. 160 (in which the present defendant was plaintiff, but to which the present plaintiffs were not parties), that the substitution of the special mortgage cured the defect in the title of the present defendant, to these squares of ground, resulting from the failure to record the adjudication in the mortgage office. But the court's attention was not then called to the invalidity of the special mortgage that was given in lieu of the general mortgage. Our opinion is that the special mortgage was null, not merely because there was no specified or limited debt or obligation, but because the act of mortgage and proceedings of the family meeting recommending it showed upon their face that the mortgage was not given to secure any debt or obligation whatever. It was declared in the proceedings that the interest of the minor children in the succession of their deceased mother, after payment of the debts of the succession, would not be anything. A mortgage, being only an ancillary obligation, cannot exist without a primary obligation. R. C. C. art. 3309; State v. Citizens' Bank, 33 La. Ann. 705. The special mortgage given in this case purported, not to secure the price of the adjudication, but "to secure the rights and property of the said minors and the faithful administration and discharge of the functions of the said George Brewer as their natural tutor." That, in connection with the declaration that the minors had no interest in the succession, nor property rights under administration by their natural tutor, was the same as to say that the mortgage was given as an idle ceremony.

[4] Defendant pleads the prescription of five years, established by article 3542 of the Civil Code, against actions for nullity or rescission of contracts, testaments or other acts. Our opinion is that the prescription applies only to voluntary or conventional acts. As to public sales or judicial transfers, the five-year prescription cures only informalities. See article 3543, R. C. C. The adjudication of the minors' interest in the property to their father was not a conventional transfer; and the invalidity of the transfer of their interest was not a mere informality, because the property was not subject to adjudication in the manner attempted.

[5] Defendant also pleads the prescription of two years, under section 5057 of the U. S. Rev. Stat., declaring that no suit, either at law or in equity, shall be maintainable in any court, between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or right of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued. The statute quoted, taken from the Bankruptcy Act March 2, 1867, c. 176, 14 Stat. 517, was repealed by the Act of June 7, 1878, c. 160 (20 Stat. 99). Our opinion is that the statute was not applicable to the minor children of George Brewer because their interest in the property was not transferable to or vested in the assignee of George Brewer in bankruptcy. The property was not in the possession of the assignee, nor of his transferee, the defendant here; and the right of action of the heirs therefore did not accrue. See Brewer v. Yazoo & M. V. Railroad, 128 La. 544, 54 South. 987, and 231 U. S. 245, 34 Sup. Ct. 90, 58 L. Ed. 204.

[6] Defendant also invokes the prescription of 10 and 30 years. But she had not had possession of the property, even for 10 years before the institution of this suit. Prescription acquirendi causa runs only in favor of a person in possession of the property.

[7] Our opinion, however, is that the invalid title acquired by George Brewer was ratified, and his ownership of the property recognized, as to the interest of the two sons who were of age at the time of the adjudication, namely, George H. Brewer, the undertutor, and David S. Brewer. George H. Brewer approved all of the proceedings, in his capacity of undertutor, and accepted the special mortgage for the minor children. David S. Brewer was a member of the family meeting that recommended the special mortgage that was granted on the two squares in contest. It appears from the procès verbal of the proceedings of the family meeting that the tutor's title to the property was submitted to and approved by the members of the family meeting; and, in the act of mortgage accepted for the minors by George H. Brewer as undertutor, it is declared that the property was acquired by George Brewer by purchase from the succession of Henry T. Conrey, on the 9th of June, 1860, and also from the succession of his wife by the adjudication or judgment of the Second district court, etc.

Those ratifications of the title of George Brewer by George H. Brewer and David S. Brewer were matters of record when the defendant in this suit bought the property in the bankruptcy proceedings of George Brewer; and our opinion is that the ratifications are binding upon the two plaintiffs, David S. Brewer and Charles W. Brewer, the sole heir of George H. Brewer.

[8] We agree with the district judge also in his ruling that the sale by the assignee of the bankrupt George Brewer to the defendant in this suit was not invalid as a sale by the husband to the wife. Article 2446 of the Civil Code, prohibiting generally sales between husband and wife, is applicable only to conventional or private sales, not to judicial or public sales. See Rowley v. Rowley, 19 La. 557; Dees v. Seale, 5 La. Ann. 688;

Huguet v. Bates, 32 La. Ann. 454; Baudry-Lacantinerie, vol. 7, pp. 165 and 166.

Counsel for plaintiffs argue that, pending the suit of Rowley v. Rowley, the notoriety of which case probably attracted the attention of the Legislature, the General Assembly amended article 1146 (then 1139) of the Civil Code (by Act No. 112 of 1840, p. 123), so as to permit a transfer of property from one spouse to another by judicial or public sale, only in cases where the purchaser is surviving partner in community or in ordinary partnership, or is an heir or a legatee of the deceased. Hence it is argued that, except in those cases, one of the spouses cannot acquire by purchase from the other, even by judicial or public sale. Our opinion is that the amendment of article 1146 (then 1139) of the Code has nothing whatever to do with the prohibition in article 2446 against contracts of sale between husband and wife. The only purpose of the amendment was to modify the rule forbidding a purchase by an executor, administrator, curator, tutor, or other fiduciary officer, of property confided to his trust or under his administration. Article 2446 did not prevent a widow from buying at public sale the property of the succession of her deceased husband, or prevent a widower from buying at public sale the property of the succession of his deceased wife; nor did article 1146 (then 1139), before it was amended, prevent the surviving husband or wife from buying at public sale the property of the succession of the deceased spouse, unless the surviving spouse had a fiduciary relation to the succession, such as executor, administrator, curator, or tutor.

The judgment appealed from is affirmed in so far as it declares defendant, Widow Annie E. Brewer, owner of the half interest formerly owned by her husband, George Brewer, as partner in community with his first wife, Mary Addie Langley Brewer, in the squares No. 150 and No. 158 in the Sixth district of

New Orleans; and the judgment is affirmed in so far as it declares Miss Elizabeth Frances Brewer, Mrs. Catherine Euphemia Brewer Nutting, and Mrs. Isabella E. Brewer Lee, to be each the owner of a twelfth interest, and in so far as it declares Joseph R. Sturtevant, Mary Viola Sturtevant, Ernest O. Sturtevant, Herbert D. Sturtevant, and Warren G. Sturtevant to be each the owner of a sixtieth interest, in said squares of ground. The judgment is annulled in so far as it declares David S. Brewer and Charles W. Brewer each the owner of a twelfth interest in said squares of ground. And, accordingly, their demands are now rejected and their suit is dismissed; and it is therefore ordered, adjudged, and decreed that defendant, Widow Annie E. Brewer, is the owner of two-thirds interest in said squares of ground, and that the plaintiffs, other than David S. and Charles W. Brewer, are the owners of one-third interest in said squares of ground, in the proportions heretofore stated. The defendant is to pay the costs of the district court, and David S. and Charles W. Brewer are to pay the costs of appeal.