In re PROKOP et al.

HEYER et al. v. SCHWEMER.

No. 4911.

Circuit Court of Appeals, Seventh Circuit.
June 5, 1933.

Nathan M. Stein and L. L. Rieselbach, both of Milwaukee, Wis., for appellants.

Morris Stern, of Milwaukee, Wis., for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and CARPENTER, District Judge.

EVANS, Circuit Judge.

The only controversy which is presented by this appeal is one for control and disposition of bankrupts' estate, between the trustee in bankruptcy and the trustees under a voluntary assignment of bankrupts made more than four months prior to adjudication in bankruptcy.

The facts: A voluntary assignment for the benefit of creditors was made by bankrupts on January 6, 1931, to one J. Abrams. Thereafter, on July 28, 1931, Abrams assigned and set over to appellants all of his interest in the assets of said bankrupts as such trustee. In the execution of their trust appellants realized $2,268.88 from the sale of merchandise and $1,200 from rental of real estate. They conducted the business of the bankrupts and unfortunately at a loss and until their obligations exceeded the assets.

Adjudication in bankruptcy occurred on October 21, 1931. To avoid a plenary suit by the trustee, a stipulation was entered into whereby the fund was placed in the hands of the trustee in bankruptcy. The stipulation is set forth in the margin.[1]

The trustees under the common law assignment thereafter petitioned the United States District Court to return to them the moneys they had voluntarily delivered to the trustee in bankruptcy. Their petition was denied, and this appeal is from this order of denial.

Under the stipulation, it is clear that the parties agreed to turn over assets, to which the trustee in bankruptcy claimed title, to the trustee. Had the stipulation not been entered into, it would have been incumbent upon the trustee in bankruptcy to bring suit against the trustees named in the voluntary assignment proceedings. This would have entailed expense, and so, by consent of the parties, the assets realized from the sale of bankrupts' property were delivered to the trustee in bankruptcy. The trustee in bankruptcy having thus secured possession of the

[1] "* * * It is Stipulated * * * that the said Creditors' Committee hereby submits to the jurisdiction of the Bankruptcy Court and agrees to turn over to said Trustee the said sum of * * * ($2,268.25) Dollars, amount realized from the proceeds of the sale of the stock of goods * * * and also the sum of * * * ($1,200.00) * * *, rentals collected * * *.

"It Is Further * * * Agreed that said funds shall be held by said Trustee subject to the determination as to the rights of the respective parties to such funds and subject to claim of attorneys fees of Nathan M. Stein, for services rendered to said creditors committee.

"It Is Further Stipulated And Agreed that formal claim and demand of said Creditors' Committee be filed with the Referee and the issues of the Trustee and Creditors' Committee be properly formulated and formal hearing had before the Referee in Bankruptcy, and each party reserving the right to have the findings of the Referee reviewed before the District Court, and each party likewise reserving the statutory right to appeal from any decision of the District Court.

"It being the intent of the parties hereto that any and all rights which the parties hereto now have, or might have, in the event that a plenary suit is commenced by the Trustee, be retained and preserved with the same force and effect, and that the submission of the Creditors' Committee to the jurisdiction of the Bankruptcy Court, and the turning over of the funds to the Trustee is to obviate the necessity of instituting a plenary suit, and to conserve the assets by saving unnecessary expenses in the litigation in the event of a plenary suit. The parties hereto, however, to have any and all rights to try out the issues as to the ownership of said funds before the Referee, in the District Court, and the United States Circuit Court of Appeals, in the same way and manner as though formal action had been instituted."

property, the court of bankruptcy acquired jurisdiction of it as a part of the *res* of the bankrupts' estate and was in duty bound to administer it.

Proceedings to secure property to which the trustee in bankruptcy makes claim may be by summary proceedings or by plenary action, depending upon the fact situation. If there be no possession, constructive or actual, on the part of the trustee in bankruptcy and the party holding the property in good faith disputes the trustee's claim to the property, the determination of the issue must be through a plenary action. It cannot be determined in a summary proceeding. However, the adverse claimant may, by consent, permit title to be determined in a summary proceeding in the court of bankruptcy. Likewise he may consent to turn over the property to the trustee in bankruptcy with an agreement that his rights in and to the property will be determined by the court of bankruptcy upon final hearing. Having so stipulated, he cannot thereafter withdraw from his agreement. Neither can he take from the court of bankruptcy its jurisdiction over the *res* thus turned over.

Aside from any stipulation, under the recent decision of the Supreme Court in Gross v. Irving Trust Company, 53 S. Ct. 605, 77 L. Ed. ——, decided May 8, 1933, it is clear that the jurisdiction of the court of bankruptcy in a fact situation, such as confronts us here, is supreme. That court, and it alone, must determine the rights of all claimants to all property lawfully possessed by the trustee of the estate of the bankrupt.

The decree is

Affirmed.