## SMALL v. HEYWOOD–WAKEFIELD CO.
### No. 3973.

District Court, D. Massachusetts.
Dec. 20, 1937.

698

Paul K. Connolly, James H. Baldwin, and Kenway & Witter, all of Boston, Mass., for plaintiff.

Herbert A. Baker and Alan B. Bagley, both of Boston, Mass., for defendant.

Harrison F. Lyman, of Boston, Mass., Edgar H. Kent, of Newtonville, Mass., and Fish, Richardson & Neave, of Boston, Mass., for intervener Coach & Car Equipment Corporation.

McLELLAN, District Judge.

Since the patent here involved (No. 1,826,532) has been adjudged valid and infringed (Heywood-Wakefield Company v. Small, 1 Cir., 87 F.2d 716; Small v. Heywood-Wakefield Company, D.C., 13 F.Supp. 825), and hearings as to damages are in progress before a master, I ought not to delay decision of these motions by reserving them for future consideration. In deciding them immediately after the arguments, I do not intend to minimize the difficulty or the importance of the questions here presented.

The defendant's motions are two in number. The first seeks an amendment of its answer by alleging in substance that while the plaintiff's application for the patent in suit was pending, he was adjudicated a voluntary bankrupt; that a trustee was appointed; that the plaintiff knowingly and fraudulently omitted to list his application for the patent in his schedules, and concealed from his trustee in bankruptcy the existence thereof. The proposed amendment also states that the application vested in the trustee in bankruptcy, and that since the filing of his petition in bankruptcy the plaintiff has had no title in the application and the patent; and that he has no right to prosecute this suit. The proposed amendment also alleges that the plaintiff is in court with unclean hands in an attempt to profit by his own wrong, and has no right in equity to enforce the property rights granted by the patent in suit.

Inasmuch as the plaintiff's bankruptcy came to the defendant's attention only during the current month, the motion to amend the answer is granted.

The defendant's second motion is based upon the foregoing amendment to its answer, and seeks to vacate the interlocutory decree of February 12, 1936, holding the patent valid and infringed, and the interlocutory decree of June 23, 1937, referring the case to a master. It seeks also a dismissal of the bill of complaint.

The facts disclosed by papers on file in this court, so far as here material, are in substance that the plaintiff swore to a voluntary petition in bankruptcy on February 12, 1930. The schedules listed no assets and listed liabilities of $1,578.48, consisting of two judgments against the plaintiff. One only of these debts was proved in the sum of $713.15. The petition was filed on February 13, 1930, on which day an adjudication ensued. The case was then referred to B. Loring Young, Esq., as referee. The trustee filed a return of no assets on October 4, 1930. The final meeting of creditors was held on October 30, 1930, on which date the trustee's report was allowed and he was discharged. The plaintiff received his discharge March 31, 1931. Prior to filing his petition in bankruptcy, the plaintiff, on August 6, 1929, filed his application for a patent, setting forth the invention on which the patent in suit issued October 6, 1931. The statement in the plaintiff's bankruptcy schedules that he had no patents, copyrights, or trade-marks, was true. He did, however, own the invention described in his application, and the trustee was entitled to it. See section 70 of the Bankruptcy Act,

as amended, 11 U.S.C.A. § 110, providing that: "The trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt * * * to all (2) interests in patents, patent rights, copyrights, and trade-marks, (and in applications for patents, copyrights, and trade-marks: Provided, That in case the trustee, within thirty days after appointment, does not notify the applicant for a patent, copyright, or trade-mark of his election to prosecute the application to allowance or rejection, the bankrupt may apply to the court for an order revesting him with the title thereto, which petition shall be granted, unless, for cause shown by the trustee, the court grants further time to the trustee for making such selection; and such applicant may, in any event, at any time petition the court to be revested with such title in case the trustee shall fail to prosecute such application with reasonable diligence; and the court, upon revesting the bankrupt with such title, shall direct the trustee to execute proper instruments of transfer to make the same effective in law and upon the records)."

The portions of section 70, supra, included within the parenthesis and referring to applications for patents, were enacted in 1926, five years before Mills Novelty Company v. Monarch Tool & Manufacturing Company, 6 Cir., 49 F.2d 28, considered infra, was decided. So far as appears in the case at bar, the trustee in bankruptcy gave no notice of election to prosecute the application to allowance or rejection, and the bankrupt made no application for an order revesting him with the title to the invention, in accordance with the foregoing provisions of the 1926 amendment to the Bankruptcy Act. I see nothing in section 70 which prevents the trustee from rejecting as onerous an inchoate right to a patent, as he could before the amendment of 1926. First National Bank of Jacksboro v. Lasater, 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408.

Assuming for the purposes of this portion of the discussion that the trustee accepted the invention, what interest did he receive in the patent which later issued? If he had not then been discharged of his trust, it would seem that, notwithstanding Gayler v. Wilder, 10 How. 477, 13 L.Ed. 504, which applies to a recorded assignment purporting to transfer not only the inchoate right to a patent but the patent itself when issued, and Becker v. General Chain Company, 1 Cir., 273 F. 419, referring to a recorded assignment, all that the trustee could have received was an equity in, not the legal title to, the patent. The assignment of an invention by operation of law may entitle the trustee to a conveyance of the patent when issued, but it does not, of itself, divest the inventor of the legal title to the patent issued in the latter's name. In no event could the legal title to the patent vest in the trustee until it issued, and the trustee having then been discharged of his trust, he could not then acquire the legal title. Moreover, if anything then came to the creditors, it was not a legal title, but only an equitable right. And the right of the legal owner to sue depends upon the patent law, unaffected by Equity Rule 37, 28 U.S.C.A. following section 723, providing that suits shall be prosecuted in the name of the real party in interest. Crown Die & Tool Company v. Nye Tool & Machine Works, 261 U.S. 24, 43 S.Ct. 254, 67 L.Ed. 516. For the foregoing reasons, the plaintiff now has a sufficient legal title to the patent to enable him to maintain this suit.

There are other reasons for denying the defendant's motion to dismiss the bill of complaint; but I pause to discuss only one of them. Omitting any discussion of the question whether a trespasser on a patent should be permitted to suggest that there might be some possible outside interest in the patent for the purpose of enabling it to avoid the results of its infringement, I start with the proposition that property of the bankrupt accepted by the trustee in bankruptcy and not disposed of by him does not revest in the bankrupt at the termination of the bankruptcy proceedings. But property rejected by the trustee as onerous, burdensome, or unprofitable does revert to the bankrupt. The conclusion that upon the facts here appearing the trustee in bankruptcy should not be deemed not to have rejected the invention is based upon Mills Novelty Company v. Monarch Tool & Manufacturing Company, 6 Cir., 49 F.2d 28, at page 32, certiorari denied Monarch Tool & Manufacturing Company v. Mills Novelty Company, 284 U.S. 662, 52 S.Ct. 37, 76 L. Ed. 561, wherein the facts were well-nigh identical with the facts in the case at bar and wherein Judge Denison, after stating in substance that a trustee in bankruptcy has the right to regard an unpatented invention as onerous and to reject it, says: "This brings us to the question as to what happens when, as here, the patent application

is not scheduled, and, by supposition, the trustee does not otherwise know about it, but in ignorance thereof proceeds, after a year or two, to wind up the estate and be discharged. Upon the assumption that the title to this invention has been in him without his knowledge up until the closing of the estate, what becomes of it? It cannot remain in the trustee; he is dead. It is difficult to conceive that it remains in the bankruptcy court, which has wiped this subject-matter off its books. The theory most favorable, as against complete revestiture in the bankrupt, would seem to be that the failure to schedule or otherwise give notice to the trustee would extend the reasonable time within which he or those entitled to do so might elect whether the title should be taken over for the benefit of the bankrupt estate. If this right of election survives the trustee's discharge, perhaps the creditors as a body may, within a reasonable time, demand the property and obtain it by reopening. Their reasonable time must, at the latest, start to run when they are chargeable with notice that the patent application existed at the time of bankruptcy. When the patent issues and becomes a public record, showing on its face that at the time of bankruptcy it was a pending application, the whole public, including these creditors, is chargeable with notice thereof; and if, within a reasonable time after having such notice, no proceedings are taken to get control of the patent in the interest of the bankrupt's creditors, the title must remain where it apparently is."

It is true that in that case the time which had elapsed after the issue of the patent was thirteen years, while in the case at bar the time which has elapsed is slightly in excess of six years. Under all the circumstances, the latter period is more than a reasonable time.

▮ Some one has the legal title to the patent in suit, and I think the plaintiff has it. Nor, under the circumstances here appearing, should the defendant escape the consequences of its adjudged infringement of a valid and valuable patent upon the theory that the plaintiff's failure to list the application for the patent in his bankruptcy schedules requires a finding that the plaintiff is in court with unclean hands.

The conclusion is that the defendant's motion to amend its answer having been allowed, its motion to set aside the interlocutory decrees hereinbefore referred to and to dismiss the bill of complaint is denied, and the perpetual injunction for which the plaintiff moves and the interlocutory decree of February 12, 1936, provides is to issue.