WILLIAM MASSEY et al. *v* J. J. STEEG et al.

The adjudication to the surviving father or mother of property held in common with the minor child, under Articles 338 of the Civil Code, is not restricted to immovables and slaves.

Where such adjudication takes place, the special mortgage in favor of the minor, resulting from the adjudication, attaches to such of the property adjudicated as is susceptible of mortgage. The right of mortgage in this case is not restricted to the individual share of the minors, but the whole property remains specially mortgaged for the security of the payment of the price of the adjudication

Any one whose rights are affected by such mortgage, may require that the exact amount of the testator's indebtedness to the minors be judicially ascertained.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Durant & Horner*, for plaintiffs and appellants. *A. Pitot* and *A. W. Jourdan*, for defendants.

VOORHIES, J. The plaintiffs allege that two judgments were respectively obtained by them against the defendant, *J. J. Steeg*, on which writs of *fieri facias* were issued and partially executed by the seizure and advertisement of his real estate for sale by the Sheriff; but that the sale thus announced could not be effected, in consequence of a legal mortgage on the property seized established in favor of *Steeg's* minor children by a judgment of the court below, rendered on the 8th of May, 1854, whereby said property, including certain movables, was adjudicated to said *Steeg* as property belonging to the community which had existed between him and his late wife, *Christina Herman*, mother of the minors. They further allege, that the rights of said minors in their mother's succession could not exceed the undivided half of the real estate, appraised at $2,000, and the movables, appraised at $800, as shown by the inventory; that this right of mortgage by law should be restricted to one undivided half of said real estate, to secure the payment of $1,000, the price of the adjudication thereof to said *Steeg*, under the Article 338 of the Civil Code, &c. The petition concludes with a prayer, that the judgment rendered on the 8th of May, 1854, adjudicating said property to *Steeg*, together with the legal mortgage resulting therefrom, be declared null and void; that the one undivided half of said real estate be decreed to be free from any incumbrance whatever in favor of said minors, and the Recorder of Mortgages ordered to erase said mortgage and to issue a certificate accordingly.

The defence set up in the answer is the plea of *res judicata* and the general issue.

The court below gave judgment in favor of the defendants, and the plaintiffs appealed.

The prescription of one year has also been pleaded by the defendants in this court, as a bar to the plaintiff's right of action.

In the matter of the succession of *Christina Herman*, deceased, which was lately before us on appeal, a rule was taken on the defendant *Steeg* to show cause why the property which had been adjudicated to him should not be sold to pay the debts of the community, of which he was the surviving partner. The application was resisted on the ground that *William Massey*, the plaintiff in the rule, was not a creditor of the community. The defence thus set up was sustained by the judgment of this court. The plaintiffs, under that decision,

must therefore be viewed as creditors of *J. J. Steeg*, and not of the community. See 11 Ann.

The Civil Code, Article 338, declares that : " Whenever the father or mother of a minor has property in common with him, they each can cause it to be adjudicated to them, either in whole or in part, at the price of an estimation made by experts appointed and sworn by the Judge, &c. ; and in this case the property so adjudicated shall remain specially mortgaged for the security of the payment of the price of the adjudication and the interest thereof." The term " property in common," used in this article, is general in its application. We do not think the adjudication, under the last clause contained in the article, is restricted, by implication, to immovables and slaves, as contended for by the appellants. The evident object of that clause, it strikes us, was to secure to the minor the right of mortgage only upon such of the property adjudicated as was susceptible of mortgage. Hence, we conclude, that the title to all the property of the community was legally vested in *Steeg* by the adjudication. The heirs of *Christina Herman*, deceased, it is perfectly clear, can only claim one-half of the price of the adjudication in right of their mother, after deducting therefrom the debts of the community which may have been extinguished either by novation or payment effected by *Steeg*, their father and natural tutor, and costs incurred in the proceedings relative to the administration of the estate and adjudication of the property to him. It is also clear, that the right of mortgage given by law to the minor on his tutor's property, can only be co-extensive with his claim. Hence, it appears to us obvious, that any one whose rights stand affected by such mortgage may require that the exact amount of the tutor's indebtedness to the minor be judicially ascertained.

It is contended by the appellants that the minors' right of mortgage in this case should be restricted to the undivided half, as their share, of the property adjudicated to their father. We do not think so. The law expressly declares that the property held in common—not the undivided half thereof—may be adjudicated to the surviving parent, and so adjudicated shall remain specially mortgaged for the security of the payment of the price of the adjudication. But conceding it to be as contended for, still it is difficult to perceive in what manner such restriction could possibly enure to the benefit of the appellants, inasmuch as the law creates in favor of the minor a tacit, independently of the special mortgage on the property of his natural tutor, from the day on which the tutorship devolved upon the latter, as security for his administration and the responsibility resulting from it. C. C. 354 ; 5 Ann. 565.

It is, therefore, ordered that the judgment of the court below be affirmed, with costs.