## WILLIAM MASSEY *v* JOHN J. STEEG.

By the Act of the Legislature of 26th March, 1844, the surviving spouse owes no interest on the share of the community property belonging to the children of the marriage as long as he or she remains single.

Where a suit is brought by the purchaser of property subject to a mortgage in favor of minors, to fix the amount of the mortgage, the court will not order the sum to be paid over to the tutor of the minor. It must remain in the hands of the purchaser until the liquidation and final settlement of the tutor's account at the majority or emancipation of the minor, or until the tutor takes legal steps to have the mortgage released.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Durant & Hornor*, for plaintiff and appellant. *A. W. Jourdan*, for defendant.

MERRICK, C. J. This case is a sequel to the case of the succession of *Christine Herman*, decided in January, 1856, and the case of *William Massey et als.* v. *Steeg et al*, 12 An. 78.

The plaintiff was a judgment creditor of *John J. Steeg*, with a judicial mortgage upon his immovable property. The common property, real and personal, existing at the death of *Christine Herman*, former wife of *Steeg*, was subsequently adjudicated to him contradictorily with the under-tutor to his minor children, under Art. 338 C. C., for $2800. The real estate so adjudicated was purchased by plaintiff under his execution.

The object of this suit is to reduce the special mortgage of the minors on the fund, the proceeds of the Sheriff's sale, the mortgage of the minors standing on the mortgage records for $2800.

The District Court reduced the mortgage to $1400. Plaintiff appeals. Defendant, in his answer to the appeal, prays for an amendment of the judgment.

The court did not err in overruling the plea of *res judicata*. The suit to have the debt declared community, and thus operative upon the property of the community, and to confine the legal mortgage to the one-half belonging to the minors, is not the same thing (as the Judge *a quo* observes) as a suit to reduce the amount of the minors' mortgage.

On the merits we see no error in the judgment to the prejudice of the plaintiff and appellant. The special mortgage in favor of the minors is intended to cover that portion of the price and interest going to them; that belonging to the surviving partner in the community has not been awarded them by the decree.

The appellee contends that the judgment ought to be so amended as to allow the minors interest from its date or the adjudication to the tutor. It does not appear to us, that the Judge erred in refusing this interest, as we are not advised by the evidence that *Steeg* has contracted a second marriage, by which he has forfeited his right of usufruct under the Acts of 26th March, 1844, p. 99. By this statute, he owes no interest so long as he remains single. Moreover, the interest on $1400 must have been taken for the support of the three minors.

We understand the judgment of the lower court simply to fix the amount of the minors' special mortgage. It does not order this sum to be paid over to the tutor. It must, therefore, remain in the hands of the purchaser until the liquidation and final settlement of the tutor's account, when the minors shall have been emancipated or arrived at the age of majority, or when the tutor shall have taken steps under the Act of 1855, p. 444, (re-enacting the Act of 1830,) to release the property sold from the legal mortgage in favor of the minors. Rev. Stat. 336; *Barnard* v. *Erwin*, 2 Rob. 408; C. P. 679, 683.

Nor will this judgment prejudice the right of the plaintiff in the event a less sum than $1400 shall be found to be due the minors on the final settlement of their accounts in the Probate Court, to cause the difference to be appropriated to his judgment, if not then satisfied; provided the $1400 shall not before that time be withdrawn from the plaintiff in the manner we have indicated.

The plaintiff ought also to credit the defendant annually on the judgment, with interest at the rate of five per cent. per annum on $1400, from 24th March, 1857, until the usufruct of the defendant be terminated by marriage, if said sum shall remain so long in his, plaintiff's hands; and after such marriage, the interest at that rate will be covered by the special mortgage. If *Steeg* be already married, he must credit him with such interest to the date of this decree, and the judgment in this respect ought to be amended.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be amended so as to fix the said special mortgage of said minors at the sum of fourteen hundred dollars, with legal interest thereon from the time said *John J. Steeg* shall contract a second marriage, and if such marriage be already contracted, then from the date of this decree; and that said tutor instead of the plaintiff pay the costs of the lower court, the plaintiff paying the costs of appeal; and that this amended judgment stand in the place of the judgment of the lower court.

SPOFFORD, J., took no part in this case.