L. GUILLET et al. *v.* F. JURÉ et al.

15 | 417
45 | 882
15 | 417
49 | 172

The special mortgage, authorized by Art. 338 of the Civil Code, and by the Act of the 11th March, 1830 has not the effect of annulling the anterior mortgage upon the property imposed by law for the security of the minor, even upon the property included in the special mortgage.

The effect of such special mortgage is simply restrictive and not destructive.

Parties are entitled to recover interest from their tutors upon the sums allowed to be due them, from the dates of their majority.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*C. Roselius* and *E. C. Guillet*, for plaintiffs. *H. H. Taylor*, for defendant and appellant.

BUCHANAN, J. There is no dispute about the facts in this case.

It is a third opposition, claiming a superior mortgage right in property seized by defendant *Juré.*

The plaintiffs are children of the mortgagor, their tutrix. They are of age, but their tutrix has not rendered an account of tutorship.

During plaintiffs' minority their mother, and tutrix, had the property adjudicated to herself, with special mortgage reserved, under the advice of a family meeting.

She afterwards mortgaged the property, now seized to defendant *Juré*, for the security of a loan.

Subsequently, she gave a special mortgage to plaintiffs, for the security of their rights as heirs of their father, on this and other property.

It is contended by defendant's counsel that the special mortgages, thus granted by the tutrix of plaintiffs under Article 338 of the Civil Code, and under the Act of March 11th, 1830, (Session Acts, p. 46,) had the effect of annulling the mortgage upon the property of the tutrix, imposed by law for the security of the minors, even upon the property included in the special mortgages, anterior to the date of such special mortgages.

This doctrine, which would make the special mortgages, authorized in certain cases, destructive, and not restrictive, of the general mortgage resulting from the charge of tutorship, does not appear to us to be sound. The district judge has well observed, in his reasons for judgment :—"The granting of a special mortgage is in the interest, and given for the convenience of the mortgagor. It is allowed to him, in order that his property may not be unnecessarily burthened. All the law requires, or looks to, is, that the interests of the minors should be protected ; but it requires protection, and nothing else will satisfy it. The granting a special mortgage limits the general mortgage to the property specially mortgaged, and nothing more."

C. C.—Art. 3308, " If the mortgage has not been *restricted* at the time of appointing the tutor or curator, and if it be notorious that it exceeds the amount in which it is necessary for him to give security, it shall at his request be *restricted* to certain immovables...."

—Art. 3305, " When by the marriage contract the parties, being of age, shall agree that the recording shall exist only on one or more immovables belonging to the husband, the immovables and other property *not included shall remain free and released from mortgage.*"

53

—Art. 3306, and " the case shall be the same with regard to the immovable property of the tutor or curator of the minor, etc."

—Art. 3313, " In all cases where the Judge *restricts* the mortgage to certain immovables...."—Acts of 1830, p. 46, Sec. 1st.—9th An. Rep. p. 195, "....to hold the whole subject to their legal mortgage, which mortgage had by the advice of a family meeting and the authority of the court of probates, been released on all except certain specific property...." *Casanova's Heirs* v. *Avegno.*

The same principle obtains under the French Code. The operation by which the superabundant property of the tutor or husband is discharged from the tacit lien (C. C. Art. 2143, 2144) is there called the *reduction* of the original mortgage. And Art. 2145, § 2. further elucidates the principle by disposing, " dans le cas où le tribunal prononcera la réduction de l'hypothèque à certains immeubles, les inscriptions prises sur les autres seront rayées."

And this doctrine is well settled in France under provisions similar to our own. Troplong, hypothèque, vol. II, No. 644 bis, teaches—" Lorsque le tribunal prononce la réduction, l'hypothèque superposée sur les biens libérés disparaît, et l'on raie l'inscription qui la rendait publique.

" Mais quant à l'hypothèque qui reste sur les biens non affranchis, elle conserve toujours ses prérogatives, c'est-à-dire qu'elle est dispensée d'inscription au regard de la femme et du mineur et qu'elle remonte au jour du mariage ou de l'acceptation de la tutelle."

The appellees have joined in the appeal by an answer filed, and have prayed that the judgment be amended in their favor, by allowing them interest from the dates of their majority upon the sums respectively allowed as being the amount of their mortgage rights. We think they are entitled to the amendment.

It is, therefore, adjudged and decreed, that the judgment of the district court be amended ; and that plaintiffs and appellees have judgment for legal interest on the sums respectively allowed them by said judgment, from the dates of their respective majorities, that is to say, *Leonidas Guillet* from the 28th day of March, 1856, and *Eponine Guillet*, from August 23d, 1857, until paid : and that in other respects the judgment of the district court be affirmed, at costs of defendant and appellant, *François Juré.*

LAND, J., absent.