No. 703.—Heirs of Bedell et al. *v.* Cilesie Hayes, Tutrix, etc. Ade- lard Carlin, Intervenor.

21  643<br>f104  52

An intervenor cannot be heard by exception, to the form of action by the plaintiffs.

A decree of the court homgloging the proceedings of a family meeting which authorized the adjudication of the community property to the surviving parent on the estimate of the inventory, amounts to a sale of the property to the survivor, and not a judgment for money on which execution could issue.

A creditor intervening in a suit, by the heirs against their mother, to enforce payment of their interests in their father's estate which she has purchased, by opposing the validity of the claims of the heirs is not instituting an inquiry into the correctness of the judgment approving the adjudication.

The heirs of a deceased parent cannot recover from the survivor, who has purchased the community interest of the deceased, that portion of the price which is shown to be for slaves belonging to the estate of their deceased parent. Constitution, Art. 128; 19 An. 234.

APPEAL from the District Court, parish of St. Mary. *Gates, J. J. G. Oliver & Dumartrait,* and *De Blanc & Perry,* for intervenor and appellant, *D. Caffery,* for appellees.

Howe, J. Jotham H. Bedell died in the parish of St. Mary in the year 1859, leaving a large property in community with his wife, Mrs. Cilesie Hayes, and separate property amounting to $10,000. The surviving wife was confirmed as natural tutrix of her minor children, and Edmund Rose appointed under tutor, on the thirtieth of January, 1860. An inventory was made and on the sixteenth day of February, 1860, the community property was adjudicated to the widow at the estimated value, $75,978 33.

In 1863, Emily Bedell, one of the minors died, and her share was inherited, one-fourth by the widow, and three-fourths by the other children. In 1867, this action was instituted by the heirs who had become of age, and by Rose, under tutor of those who still remained minors, to obtain judgment against the defendant for the amounts due each respectively and a sale under their tacit and special mortgages.

Adelard Carlin intervened, claiming to be a creditor of the defendant for $14,537 20, subject to a credit of $8000, upon a note made by her on the first of March, 1862, and secured by special mortgage on her lands. He excepted to the form of the action by the heirs, and to the capacity of the under tutor to sue. The suit as to the under tutor was dismissed. The exception of the intervenor to the *form* of the action was properly overruled. As intervenor he had no right to raise this question.

The intervenor further opposed the claim of the plaintiffs upon the merits.

The defendant by answer admitted herself indebted to the heirs and filed an account thereof.

The minors Catherine Bedell and Marietta Bedell, who, with Elizabeth Bedell, had been represented as plaintiffs by Rose, having been emancipated, intervened and asked to become plaintiffs, and set up the same claim as the other plaintiffs.

There was judgment rejecting the demand of the intervenor Carlin, and in favor of the plaintiffs for the amounts set forth in the account filed by the defendant, and that their legal and special mortgage take effect from January 30, 1360. The intervenor Carlin appealed.

There remains three questions to be disposed of presented by the intervention of the appellant and by the evidence.

I. The intervenor objects that the claim of the minors against their natural tutrix for $11,0 10, the separate property of their father, is not established, by sufficient proof. It was included in the account of the tutrix made in 1860, at a time not suspicious, when the defendant was in good circumstances, more than two years before the debt to Carlin was contracted. It was homologated by the court. Its correctness is not denied or put at issue by the petition of intervention of Carlin, and the account in which it figures as a prominent item was offered by the plaintiffs and received in evidence without objection. It would therefore seem that this portion of the claim of plaintiffs is sufficiently established.

II. It is contended by the appellant that, as appears by the record, the community property adjudicated to the defendant was in part composed of slaves, the estimated value of which he calculates at $40,960, and that the account also shows an item in favor of the minors for the hire of a slave, $465—and that these items should have been disallowed. The court a qua erred, we think in not reducing the claim of the minors by the amount of the price of the slaves held in common. The adjudication to the surviving parent was a sale. The estimate of the inventory was a price. A portion of the objects of the sale were persons. C. C. 338; Constitution, article 128; 19 Ann. 234.

The judge a quo says in his reasons for judgment :

"The slaves were adjudicated to the survivor of the community, upon the advice of a family meeting, whose proceedings were regularly homologated by judgment, and the judgment thus rendered cannot be inquired into collaterally."

It is quite true that as a general rule judgments cannot be inquired into collaterally ; but we do not perceive that, as to this branch of the case, the intervenor is making such inquiry. The family meeting advised an adjudication, the judgment approved the advice. From this resulted a sale ; from this sale a debt ; from this debt a mortgage.

Heirs of Bedel et al. v. Cilesie Hayes, Tutrix, etc.    Adelard Carlin, Intervenor.

There was no judgment against the defendant at that time for a sum of money, with a resulting judicial mortgage, or recognition of any other sort of mortgage. If there had been, this suit would have been unnecessary as to the plaintiffs, and such judgment as there was in 1860, homologating the proceedings of the family meeting, the appellant does not complain of. He merely asks us not to enforce the debt arising from the execution of the judgment so far as it was a contract for the sale of persons. To the extent, then, of the price of slaves the claim of the plaintiffs must be reduced.

The hire of the slave claimed to have belonged to the minors, stands upon a different basis. It appears that the tutrix from 1859 received for this hire $465. She received it for the minors. Some one chose to pay her so much money for the minors. It is not her money. The minors, and no other persons, claim it. The tutrix must account for it even if she received it unduly. C. C. 2974.

III. It is contended by the appellant that no interest is due by the tutrix upon the amount of $10,000 received by her October 8, 1859, and upon the minors' share of the community property adjudicated to her February 16, 1860. The reasons urged are the same as those presented in the case of Fuselier v. Babineau, 14 Ann. 764. It was there held that interest was due by the tutor upon money coming into his hands; and that the question raised was no longer an open one. See also the cases in 3 La. 194; 4 R. 300; 5 Ann. 565; 10 Ann. 289.

Upon the principle of *stare decisis,* we do not feel authorized to reopen the controversy on this point. And as regards the community property adjudicated to the defendant, the law seems to provide expressly for the interest, as well as the principal, of the debt created by the adjudication. C. C. 333, and act of March 17, 1826.

The account, however, on which the judgment is based, and to which, giving no specific amounts, it refers, shows that the interest is repeatedly compounded in cases where its annual amount, in excess of the expenses of the ward, is less than $500. This we think erroneous. C. C. 341.

For the reasons given, it is ordered and adjudged that the judgment appealed from be reversed, and the cause remanded, that the account of the defendant as tutrix may be amended and stated in accordance with this decision, and to be further proceeded with according to law, costs of the appeal to be paid by the appellees.