(53 South. 463.)

No. 18,112.

RILEY v. HEUER et al.

(Oct. 17, 1910.)

*(Syllabus by the Court.)*

1. MINORS AND THEIR TUTORSHIP—SPECIAL MORTGAGE BY TUTRIX—RIGHTS OF MINOR CHILDREN.

Under Civ. Code, art. 344, a special mortgage may be given by a tutrix to secure the rights of her minor children on any immovables owned by her, whether her title has been acquired by adjudication under Civ. Code, art. 343, or otherwise.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 206–218; Dec. Dig. § 74.*]

2. MINORS AND THEIR TUTORSHIP—SECURING RIGHTS OF MINORS.

Where all the rights of minors have been liquidated by a judgment of the court, the minor's legal mortgage and the special mortgage reserved to them under Civ. Code, art. 343, may be restricted by one and the same special mortgage to particular immovables sufficient in value to secure the amount due, with interest to accrue, as provided by Civ. Code, art. 325.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 206–218; Dec. Dig. § 74.*]

Breaux, C. J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

Action by Louise C. Riley against O. E. Heuer and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Titche & Rogers, for appellants. Clegg & Quintero and Charles F. Claiborne, for appellee.

LAND, J. This is a suit to compel the acceptance of title to certain real estate adjudicated at public auction to the father of the defendants. There is no dispute as to the facts.

The property belonged to the community existing between John C. Riley and his wife, Louise, and on his death passed to his widow and his four minor children. The community property as a whole was adjudicated to the widow and tutrix according to law. Subsequently the tutrix settled with the two older children, and the rights of the two minor children against her were liquidated and fixed at $4,129.70. In order to relieve her property from the general mortgage resulting from the tutorship and the special mortgage resulting from the adjudication of the community property, the widow and tutrix, with the sanction of the court, based on the advice of a family meeting, executed in favor of said minors a special mortgage of $4,129.79 on property appraised at $12,000. Thereupon the said general mortgage and the said special mortgage given to secure the price of the adjudication were canceled by direction of the court. The objection of defendant is that neither said special mortgage nor said general mortgage could be lawfully canceled by the substitution of a special mortgage on a portion of the same property that had been adjudicated to the surviving wife.

The text of the Civil Code bearing on the point in question reads as follows, to wit:

"Art. 343. Whenever the father or mother, of a minor has property in common with him, they can cause it to be adjudicated to them, either in whole or in part, at the price of an estimation made by experts appointed and sworn by the judge, after a family meeting, duly assembled, shall have declared that the adjudication is for the interest of the minor, and the undertutor shall have given his consent thereto; and in this case the property so adjudicated shall remain specially mortgaged for the security of the price of the adjudication and the interest thereof.

"Art. 344. In case of an adjudication made under the preceding article or any other article authorizing similar adjudications, a special mortgage may be given by the father or mother on immovable property to secure the rights of the minors; and such special mortgage shall have the effect of annulling the mortgage arising from such adjudication."

Article 344 is new, having been inserted in the revision of 1870 to perpetuate the provisions of the act of March 11, 1830 (Laws 1830, p. 46), which in turn was enacted to meet the decision in Musson v. Olivier, 7 Mart. (N. S.) 99, to the effect that, under the Civil Code of 1825, a special mortgage on common property adjudicated to the surviving parent could not be commuted by a special mortgage.

It has been held in a number of cases that an adjudication under article 343 is of the whole property for one price, and is not the measure of the minor's interest, either as to the proportion or as to amount. Succession of Hebert, 5 La. Ann. 122; Thibodeaux v. Thibodeaux, 5 La. Ann. 598; Massey v. Steeg, 12 La. Ann. 79; Id., 13 La. Ann. 351. The rights of the minors must, therefore, be ascertained by a liquidation or accounting as in case of a legal mortgage. Civ. Code, art. 325. It might well happen that, after the payment of the debts of the community and the settlement of its affairs, the residuary interest of the minor in the price of the common property would amount to little or nothing. Hence the special mortgage to secure the whole price of the adjudication, as provided in article 343, is merely provisional in its nature. The purpose of article 344 is to enable the parent to have the rights of the minor liquidated and to secure them by a

special mortgage on immovables. The text of the law does not forbid the inclusion in such mortgage of property that may have been adjudicated to the parent under article 343.

In the analogous case of the substitution of a special mortgage for the minors' legal mortgage, as provided by article 325, the former necessarily covers a part of the property already burdened by the minor's legal mortgage, which covers all the immovables of the tutor. In such a case the special mortgage restricts the legal mortgage, but does not destroy it. Isaacson v. Mentz, 33 La. Ann. 595. The same doctrine was applied to the special mortgage reserved under article 338 (now 343) of the Civil Code of 1825, in the case of Guillet v. Juré, 15 La. Ann. 417.

In that case, the mother and tutrix of the plaintiffs had, under the act of March 11, 1830, given a special mortgage on the property that had been adjudicated to her under article 338, and on other property, for the security of the heirs of the deceased husband, and the court held that the effect of such special mortgage was merely limitative and restrictive of the special mortgage provided by Civ. Code, art. 338 (now 343). The court said:

"The district judge has well observed in his reasons for judgment: The granting of a special mortgage is in the interest, and given for the convenience of the mortgagor. It is allowed to him, in order that his property may not be unnecessarily burdened. All the law requires, or looks to, is that the interests of the minor should be protected; but it requires protection, and nothing else will satisfy it. The granting of a special mortgage limits the general mortgage to the property specially mortgaged, and nothing more."

In the case at bar all the rights of the minors against their mother and tutrix were liquidated by a judgment of court, and the appraised value of the property specially mortgaged is more than sufficient to secure all possible claims the minors have or may have against the mortgagor. This is all that the law requires. Whether the mortgagor derived her title from an adjudication un-

der Civ. Code, art. 343, or otherwise, is immaterial. The legal effect of the special mortgage in question was merely to limit and restrict the anterior legal and special mortgages to particular property.

It is therefore ordered that the judgment below be affirmed, and that defendants and appellants pay costs of appeal.

See dissenting opinion of BREAUX, C. J., 53 South. 464.