(84 South. 660)

No. 23881.

Succession of GHISALBERTI.

(May 3, 1920.)

*(Syllabus by Editorial Staff.)*

Guardian and ward ☞15—Tutorship—Statute held not to authorize bond in lieu of special mortgage by parent to minor ward.

Act No. 254 of 1916, relative to the recognition, confirmation, and qualification of natural tutors, does not authorize an owner of realty in indivision as surviving parent to give a bond in lieu of a special mortgage in the minor's favor; such statute not covering contracts of sale between parents and their minor wards.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

In the matter of the succession of John G. Ghisalberti. Proceeding by Mrs. Rosita P. Ghisalberti for permission to give bond un-

147 LA.—10

der Acts 1916, No. 254. From a refusal, she appeals. Affirmed.

H. W. Robinson, of New Orleans, for appellant.

George Montgomery, of New Orleans, for appellee.

SOMMERVILLE, J. This case involves the construction of Act 254 of 1916, p. 526, which was discussed in the opinion this day rendered in the Tutorship of Margaret Lee, ante, p. 231, 84 South. 598.

In this case, Mrs. Rosita P. Ghisalberti is the plaintiff, and she alleges that she was the owner of certain real property, owned in indivision with her minor daughter Francesca, which has been adjudicated to her, the surviving parent; and she asks that in lieu of a special mortgage in favor of the minor that she be permitted to give bond under the provisions of Act 254 of 1916.

Act 254 is entitled "An act relative to the recognition, confirmation and qualification of natural tutors," and it is not an act which covers contracts of sale between surviving parents and their minor wards. This distinction was recognized in the opinion handed down this day in the tutorship of Margaret Lee.

Mrs. Ghisalberti ruled the recorder of mortgages into court to show cause why he should not cancel and erase from his records the inscription of the mortgage resulting in the adjudication to her of certain property formerly belonging to her and her minor daughter, for the reason that she had given personal security provided for in Act 254 of 1916. The act does not give any such right; and the rule was properly dismissed.

The judgment appealed from is affirmed at appellant's costs.

O'NIELL, J., concurs in the decree.