(132 So. 411)

**TOWNSEND v. ATTERBERRY et al.**

No. 30803.

Jan. 5, 1931.

Rehearing Denied Feb. 2, 1931.

Spearing, McConnell & McClendon, of New Orleans, for appellant United States Fidelity & Guaranty Co.

Chappuis & Chappuis, of Crowley, for appellee.

ST. PAUL, J.

Thomas T. Atterberry was married to Aggie Elizabeth McAlpine, and of this marriage five children were born, of whom the plaintiff is one. Mrs. Atterberry died intestate about September 28, 1920. At the time of her death the community property was appraised at $327,220.47 and the debts were found to be $113,320; thus leaving a net estate of $213,-900.47, of which plaintiff was entitled to one-tenth, or $21,390.04.

Plaintiff being then a minor, her father qualified as her natural tutor, and also had adjudicated to himself her interest in the estate at its net value, under the provisions of Rev. Civ. Code, art. 343. And to relieve himself of the general mortgage resulting from these proceedings he gave a special mortgage on certain properties for the said sum, to wit, $21,390.04.

For some unexplained reason the adjudication, which had first taken place in 1921, and the proceedings relative to the special mortgage, were again repeated in 1923, and again on January 4, 1924.

I.

Thereafter, to wit, on March 28, 1927, the tutor in order to relieve himself of the mort-

gage resulting from his tutorship gave a bond for $27,000, with the United States Fidelity & Guaranty Company as surety, for the faithful performances of his duties as tutor; the condition of said bond being that said tutor "shall well and faithfully administer and shall render a just account and pay over the same whereunto lawfully required, and shall faithfully do and perform all and singular the duties and functions incumbent on him as such tutor."

He thereupon produced this bond to the judge of the district court and caused said special mortgage to be canceled against his property and afterwards disposed of it.

## Il.

Shortly after his first wife's death, Atterberry remarried and thus lost the usufruct of his daughter's estate. But the view which we take of this matter renders that unimportant.

## III.

Plaintiff married with the consent of her father on September 10, 1925, and became 18 years of age June 20, 1927, thus becoming emancipated.

## IV.

On February 23, 1928, the tutor rendered his final account, showing his indebtedness to the minor for the aforesaid sum of $21,390.04 with 5 per cent. interest from January 4, 1924, the date of said last special mortgage. And after vain attempts to collect said amount from her tutor she now brings this action against the surety on his bond.

## V.

The surety contends that it gave no bond for the price of the adjudication, but only for the faithful performance of the tutor's duties, which is true. But in our opinion a tutor who allows or procures the cancellation of a mortgage in which the minor

has an interest is guilty of maladministration and therefore has not faithfully discharged the duties of his office, one of which is to protect the interests of his minor. And it matters not how said mortgage originated or against whom or what it bore. If the minor has suffered any injury thereby, the tutor and his surety are liable therefor.

It is said that the tutor acted in good faith, believing that the bond he furnished was a bond for price of adjudication, and not merely for his faithful administration. That is of no consequence; the fact is that he allowed or even procured the cancellation of the mortgage, and that was maladministration. He and his surety are therefore liable for whatever damage the minor suffered by his said act.

## VI.

We do not dispute the fact that the surety on the tutor's bond is liable for only such balance as may be due by the tutor in final accounting, but we do hold that the surety on the tutor's bond has no right to question the price of adjudication at which he took over the minor's property, especially when that adjudication took place before he became surety. Surely the tutor could not be heard to dispute it, and therefore his surety cannot do so, for that was one of the acknowledged assets of the minor for which the tutor was obliged to account. So that it matters not that the property adjudicated had decreased in value before the first and last adjudication.

We do not think the case of Bedell v. Hayes, 21 La. Ann. 643, is applicable. That case holds that where the price of adjudication consisted in part of the price of slaves, it must be reduced pro tanto, on the ground that the price of slaves could not be recovered after emancipation even though the adjudication had taken place before emancipation.

It followed the case of Wainwright v. Bridges, 19 La. Ann. 234, where it was held by a much divided court that such a recovery was against public policy.

## VII.

The special mortgage which Atterberry had given rested on three tracts of land aggregating 1,074 acres which were worth at least $50 per acre at the time the tutor filed his final account, to wit February 23, 1928, or $53,700 for the whole. They were, however, subject to four prior mortgages, aggregating $28,700, on which, however, $10,000 had been paid, leaving a balance due of $18,700. If we add to this 18 months' interest at 6 per cent. and 10 per cent. for attorney's fees and throw in a liberal allowance for costs, say 6 per cent., the total amount would not aggregate $25,-000. So that an equity of at least $28,000 remained therein to secure the minor's claim.

## VIII.

We know of no law which allows a minor interest in the price of adjudication of property to a parent, nor of any law which requires or even permits a parent to discharge that price until the termination of his tutorship and the rendition of his final account fixing finally the amount of his indebtedness to the minor. Cf. Bedell v. Hayes, 21 La. Ann. 643; Riley v. Heuer, 127 La. 118, 53 So. 463; Massey v. Steeg, 12 La. Ann. 78.

And as interest is the creature either of statute or of contract, no interest can be allowed in this case except from the date of final account, February 23, 1928. See Rev.

Civ. Code, art. 360. The provisions of the Code that the tutor owes interest on the funds of the minor which he fails to invest, has no application here, since the tutor had no funds to invest, but only owed the price of adjudication (without interest, as we have said).

## IX.

We are therefore of opinion that the plaintiff is entitled to judgment for $21,390.04 with interest only from the date of final account, to wit, February 23, 1928, subject to an admitted credit of $861.42 with interest from July 15, 1929, which was allowed by the trial judge.

## X.

Plaintiff claimed, as was allowed by the district judge, interest from the date of the special mortgage, January 24, 1924, and also 10 per cent. attorney's fees under Act No. 225 of 1918, p. 408.

But as we do not allow plaintiff the full amount of her claim, she cannot recover the 10 per cent. allowed by said act.

## Decree.

The judgment appealed from is therefore amended by decreeing that the amount allowed plaintiff ($21,390.04 subject to a credit of $861.42 with interest) bear interest only from February 23, 1928, and striking therefrom the additional sum of 10 per cent. allowed plaintiff against the United States Fidelity & Guaranty Company; and as thus amended said judgment is affirmed, the plaintiff to pay the costs of appeal, and the appellant to pay the costs of the lower court.