## CASKEY v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 5592.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1938.

Rehearing Denied April 1, 1938.

J. Zach Spearing, of New Orleans, and Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

R. L. Williams, of Arcadia, for appellee.

HAMITER, Judge.

Mrs. May Ford Caskey departed this life in the parish of Bienville, La., on the 9th day of April, 1925. Surviving her were her husband, W. A. Caskey, and their three minor children, viz., Loffie, Eura B., and Charles Ford Caskey.

The husband petitioned the court for his appointment as natural tutor for said minors and prayed that he be permitted to furnish a bond, as authorized by law, in lieu of the recording in the mortgage records of a certificate of inventory. Pursuant to the court's order, an inventory of the property of the minors was made by a duly qualified notary public, and this revealed that they owned an undivided one-half interest in and to 160 acres of land located in Bienville parish, having an appraised value of $1,600. Appointment as natural tutor was directed and confirmed upon applicant's furnishing a bond for that amount, with the United States Fidelity & Guaranty Company as surety.

Subsequently, decedent's succession was opened. In the proceedings W. A. Caskey was recognized as the surviving spouse, while the above-named children were decreed to be the sole heirs of their mother and were put in possession of her property.

On May 11, 1925, W. A. Caskey filed a petition alleging that the aforedescribed tract of land was owned in indivision by him and his minor children, and recommending and praying that the minors' one-half interest be adjudicated to him at the price

and sum of $1,600. The undertutor concurred in the recommendation and request, and the court decreed an adjudication of the property to said father at the price and sum mentioned. This was followed by the execution of a deed by W. A. Caskey, tutor, in favor of W. A. Caskey, describing said property and reciting a cash consideration of $1,600.

The instant suit was instituted by Loffie Caskey, one of the named children, against the United States Fidelity & Guaranty Company, the surety on the tutor's bond. At the time of its filing plaintiff was above the age of majority. In his petition he alleges in substance the above mentioned and enumerated facts. He further alleges that the original inventory described only a part of the property belonging to the succession of his mother; that in compliance with an order of court the tutor has filed a supplemental inventory showing a true and correct list of the property received by him; that by virtue of the issuance of a rule, a final account has been presented by the tutor disclosing a balance due by him to the three children of $2,718.-50, or the sum of $906.16 each; and that on a trial of said rule plaintiff was granted judgment against the tutor for the amount owing to him.

Plaintiff further avers that execution of the judgment was sought, but that a return of nulla bona has been made of the writ. He prays that the surety on the tutor's bond, defendant herein, be condemned to pay him the sum of $533.33, this being one-third of the amount of such bond, together with legal interest and ten per cent additional thereon as penalties and attorney's fees.

The petition was excepted to by defendant on the alleged ground that it disclosed neither a cause nor a right of action. There was an overruling of these exceptions.

In its answer the surety questions the legality of the tutor's appointment, and avers that it was in no manner interested in or bound by the supplemental inventory which was prepared subsequent to the execution of the bond. Further, it attacks the aforementioned adjudication of the minors' interest to their father for the reason that no property was described in the order evidencing it; that there was no appraisement of the property; that the provisions of law for adjudicating property of minors to their parents were not com-

plied with; and, alternatively, that the cash consideration recited in the deed executed on authority of the order of adjudication was never paid. It further avers, in the alternative, that at the time of the adjudication the property was encumbered with community obligations in excess of its value. An attack is also made on the tutor's final account.

A trial of the merits resulted in a judgment in plaintiff's favor for the amount claimed, together with legal interest, and for all costs of suit. Defendant appealed suspensively. An answer to the appeal has been filed in which appellee asks that the judgment be amended to the extent of ordering appellant to pay 10 per cent. additional as attorney's fees.

Under the exceptions of no cause and no right of action, defense counsel call attention to the fact that the entire tutorship proceedings are made a part of the petition in this cause, and they then urge that the tutor's appointment was illegal for the reason that it was made by the court before the taking of the inventory, the fixing of bond, and the latter's recordation, all in violation of the mandatory provisions of articles 317, 321, 335, and 3351 of the Louisiana Civil Code. We have carefully examined the documents filed in the tutorship matter, certified copies of which are in the record presented to us, and they do not disclose that the tutor's confirmation was irregular and not in accordance with the requirements of the cited codal articles.

■ It is further urged by defense counsel under the mentioned exceptions that the surety is not liable herein because plaintiff's claim arises by reason of the attempted adjudication of the property to his father, made under authority of Civil Code, art. 343, and that the bond does not insure payment of the price stipulated therefor: They argue that the bond was given pursuant to the provisions of Act No. 254 of 1916, and that such statute, as interpreted by the Supreme Court in 1920 in Succession of Ghisalberti, 147 La. 289, 84 So. 660, does not authorize its substitution for the mortgage resulting from the adjudication. This contention is, in our opinion, without merit. In the first place, the bond in question was not given in connection with the property adjudication and in substitution of the resultant mortgage, but was furnished by the tutor at the time of his appointment to insure the faithful discharge of his duties to

the minors and a correct accounting for all of their property placed in his charge. Secondly, at the time of the execution of the bond, which was April 28, 1925, Act No. 254 of 1916, cited and relied on by counsel, was without force or effect, for it was abrogated and superseded by Act No. 223 of 1920, as amended by Act No. 68 of 1924; and if the bond was given as a substitute for the mortgage resulting from the adjudication of the minors' property, it was clearly authorized by the last mentioned act, to which counsel made no reference, whose provisions are as follows:

"That natural, legal, testamentary or dative tutors may, in all cases, at their option and in place of the general mortgage arising from the recordation of the certificate of the Clerk of Court of the amount of a minor's property as shown by the inventory, or of a special mortgage given for the security of the rights and property of the minors and for the faithful discharge of the functions of the tutor pursuant to Article 325 of the Revised Civil Code, or of a special mortgage resulting from the adjudication to the tutor of property held in common by said minor and said tutor pursuant to Article 343 of said Code, or of a special mortgage given under Article 344 of said Code, give bond or security in the manner herein provided; and the bond or security so given shall not be recorded nor operate as a mortgage."

The exceptions of no cause and no right of action were, in our opinion, properly overruled.

■ We proceed now to a consideration of the merits of the case. The trial judge held, and we think correctly, that the supplemental inventory showing property not originally accounted for as belonging to decedent's estate had no binding effect on defendant. This supplemental schedule was made eleven years after it became surety for the tutor, and the bond was predicated solely on the property and the appraisement thereof revealed by the original inventory. The surety guaranteed proper administration only of the assets listed in the first instance as belonging to the minors. Its agreement extended to no other.

■ It is argued by counsel for defendant that the attempted adjudication to the father was invalid for the reason that no description of the property was contained in the court's order. We find no merit in this contention. The petition for the ad-

judication, to which the order is attached, accurately names the interested parties, gives the date of decedent's death, refers to the original inventory taken of the minor's property, and stipulates the appraised value of the inventoried real estate. This, we think, was sufficient.

■ The adjudication is next assailed on the ground that it was not for a price fixed by sworn experts appointed by the judge, as required by Civil Code, art. 343. The record discloses that the valuation employed in the adjudication proceeding was the one given in the original inventory made by the notary public and two appraisers under authority and direction of the court; and in view of the Supreme Court's holding in the case of Krone v. Krone, 138 La. 666, 70 So. 605, it is our opinion that there was a substantial compliance with the aforementioned legal requirement.

■ Another attack made by defendant on the attempted adjudication, and one which we believe to be meritorious, is that the act of adjudication was not recorded in the mortgage records of Bienville parish, La., as the law requires.

The following codal and statutory provisions pertain to the transfer of the property of a minor to his parent, and recite:

"Whenever the parent of a minor has property in common with him, the parent can cause the share of the minor either in the whole of the property or in any part thereof to be adjudicated to the parent at the price of an estimation made under oath by experts appointed by the Judge, provided that a family meeting duly assembled shall declare that the adjudication is for the interest of the minor and the under tutor shall give his consent thereto. When the property is an immovable, the share of the minor which shall have been adjudicated shall remain specially mortgaged in the minor's favor to secure the payment of the price of adjudication in principal and interest." Civil Code, art. 343.

"When either of the parents of a minor shall cause to be adjudicated to him the property which he possessed in common with the minor, the property thus adjudged remains specially mortgaged in the minor's favor for the payment of the price of adjudication and interest, reckoning from the day on which it was adjudged." Civil Code, art. 3317.

"When immovable property has been adjudicated to the father or mother of a minor, the act of adjudication must be recorded in the mortgage book of the parish where the property is situated." Civil Code, art. 3353.

"When mortgageable property has been adjudicated to either parent of the minor, the act of adjudication shall be recorded in the book of mortgages in the parish in which the property is situated, and it shall operate a mortgage and vendor's privilege; the amount of the value of the property as stipulated in the act shall operate a mortgage against such property in favor of the minor; and no such adjudication shall have any legal or binding effect until such record is made." Revised Statutes, § 2363.

The Supreme Court, in its opinion in Succession of Burguieres, 104 La. 46, 28 So. 883, 885, discusses Civil Code, art. 343, and section 2363 of the Revised Statutes, supra, and then states:

"Not only must there be a decree of adjudication, but this decree or act of adjudication must be registered as Rev.St. § 2363, directs. Else there is no divestiture of the title of the minors."

The doctrine announced in Succession of Burguieres, supra, was approved in Brewer v. Brewer, 145 La. 835, 83 So. 30.

■ After defendant had questioned the validity of the herein discussed adjudication, through proper pleadings, it was encumbent on plaintiff to show that all of the requisites of law relating to it had been fulfilled, particularly that proper recordation had been made or that a special mortgage, such as is authorized by Civil Code, art. 344, was given in lieu of such recordation. This he failed to do. Consequently, and by reason of the aforementioned enactments and jurisprudence, we must hold that in so far as this suit is concerned plaintiff has never been divested of his interest in the inherited property and neither the tutor nor the defendant surety is liable to him.

Of course, if the title to the property has become valid in some third person through prescription or otherwise, and plaintiff's interest has been definitely lost to him, the latter's claim may be effective; but no such third person is a party to this cause, and, therefore, any rights that he has or might have are not before us for consideration.

In our opinion, and under the circumstances of this case, a judgment of nonsuit is proper and should be entered. Accordingly, the judgment appealed from is re-

870

versed and set aside and plaintiff's suit is dismissed as of nonsuit at his cost in both courts.