183 So. 242

**CASKEY v. UNITED STATES FIDELITY & GUARANTY CO.**

No. 34871.

July 7, 1938.

Rehearing Denied Aug. 5, 1938.

R. L. Williams, of Arcadia, for relator.

J. Zach Spearing, of New Orleans, and Theus, Grisham, Davis & Leigh, of Monroe, for respondent.

PONDER, Justice.

This is a suit to recover on the surety bond of a tutor.

On April 9, 1925, Mrs. Mary Ford Caskey died in this State in the Parish of Bienville, leaving a surviving husband, W. A. Caskey, and three minor children, viz: Loffie, Eura B. and Charles Ford Caskey.

The surviving husband applied to be appointed tutor of the minors. An inventory was taken and an appraisement made of the property of the deceased wife, which showed that the deceased owned an undivided one-half interest in 160 acres of land of the value of $1,600, deceased's interest in the community owned in indivision with the surviving husband. The surviving husband was permitted by the court to give bond with the United States Fidelity and Guaranty Company in the amount of $1,600 for the faithful performance of his tutorship in lieu of recording the extract of inventory in the mortgage records. The surviving husband, W. A. Caskey, was duly confirmed as tutor and letters issued to him as such. An under tutor was appointed and confirmed. The husband and children were sent into possession of the property as surviving spouse and sole heirs of the decedent. By proper proceedings the minors' undivided one-half interest in the property was adjudicated to W. A. Caskey, their father, for $1,600 cash, and a deed was executed to that effect. The act of adjudication was not recorded in the

mortgage records. All of these proceedings were taken on May 4, 1925 and recorded May 11, 1925. On July 17, 1925 the tutor applied to the court to lease the minors' interest in this property and their interest in two other tracts of land. After proper proceedings the court on July 18, 1925 authorized the tutor to execute the lease. On April 30, 1936 a rule was issued to the tutor to file a final account at the instance of Loffie Caskey, who was then emancipated by marriage, and Eura B. Caskey, who was then emancipated by order of court. On the same date the tutor applied to the court to have a supplemental inventory taken alleging that all the property of the deceased was not listed in the original inventory. In this application the tutor alleged that he thought that all the property of the deceased had been inventoried but as a fact it had not. The supplemental inventory was taken by order of court which showed that the deceased left at her death property in addition to that listed in the original inventory consisting of real and personal property of the value of $1,802.50. The final account was filed showing an amount of $2,718.50 due the children of the deceased. The account was homologated June 30, 1936 and judgment rendered against the tutor for $2,718.50. Execution was issued under this judgment on October 9, 1936, and the writ was returned nulla bona. The plaintiff then sought to recover from the surety on tutor's bond one-third of the amount called for in the bond.

The defendant interposed exceptions of no cause or right of action, which were overruled.

On the merits the lower court rendered judgment in favor of the plaintiff for $533.33 with 5% interest from June 30, 1936 and cost. On appeal the Court of Appeal reversed the judgment of the lower court and dismissed the plaintiff's suit as of non suit. 180 So. 866. The case is now before us on certiorari and review.

After carefully examining the record and the opinion of the Court of Appeal, we find that the Court of Appeal properly disposed of all the issues except wherein the Court of Appeal held that by the failure to record the act of adjudication in the mortgage records the minors were not divested of their title to the property and dismissed plaintiff's suit as of non suit. We are of the opinion that the Court of Appeal erred in its opinion that the plaintiff's suit should be dismissed because the tutor had failed to record the act of adjudication in the mortgage records.

The Court of Appeal relied upon the decisions in the Succession of Burguieres, 104 La. 46, 28 So. 883 and Brewer v. Brewer, 145 La. 835, 83 So. 30, wherein it was held to the effect that under the provisions of Revised Statutes, § 2363, the act of adjudication must be recorded in the book of mortgages in the parish in which the property is situated else there is no divestiture of the title of minors.

Article 343, Rev.Civ.Code: "Whenever the parent of a minor has property in common with him, the parent can cause the share of the minor either in the whole of the property or in any part thereof to be adjudicated to the parent at the price of an estimation made under oath by experts appointed by the Judge, provided that a family

meeting duly assembled shall declare that the adjudication is for the interest of the minor and the under tutor shall give his consent thereto. When the property is an immovable, the share of the minor which shall have been adjudicated shall remain specially mortgaged in the minor's favor to secure the payment of the price of adjudication in principal and interest."

Article 3317, Rev.Civ.Code: "When either of the parents of a minor shall cause to be adjudicated to him the property which he possessed in common with the minor, the property thus adjudged remains specially mortgaged in the minor's favor for the payment of the price of adjudication and interest, reckoning from the day on which it was adjudged."

Article 3353, Rev.Civ.Code: "When immovable property has been adjudicated to the father or mother of a minor, the act of adjudication must be recorded in the mortgage book of the parish where the property is situated."

Rev.St. § 2363: "When mortgageable property has been adjudicated to either parent of the minor, the act of adjudication shall be recorded in the book of mortgages in the parish in which the property is situated, and it shall operate a mortgage and vendor's privilege; the amount of the value of the property as stipulated in the act shall operate a mortgage against such property in favor of the minor; and no such adjudication shall have any legal or binding effect until such record is made."

Act No. 223 of 1920, § 1, as amended by Act No. 68 of 1924, § 2, contains the following provisions:

"That natural, legal, testamentary or dative tutors may, in all cases, at their option and in place of the general mortgage arising from the recordation of the certificate of the Clerk of Court of the amount of a minor's property as shown by the inventory, or of a special mortgage given for the security of the rights and property of the minors and for the faithful discharge of the functions of the tutor pursuant to Article 325 of the Revised Civil Code, or of a special mortgage resulting from the adjudication to the tutor of property held in common by said minor and said tutor pursuant to Article 343 of said Code, or of a special mortgage given under Article 344 of said Code, give bond or security in the manner herein provided; and the bond or security so given shall not be recorded nor operate as a mortgage."

An examination of the record shows that the tutor's bond was dated and signed on April 28, 1925. The bond states that the inventory and appraisement has been made and that the tutor has obtained an order of court allowing him to substitute the bond in place of the minors' mortgage existing upon the property of the tutor by reason of the recordation of the clerk's certificate. The condition of the bond is that the tutor shall account to the minors for all the property in his charge. The record shows that the tutor was appointed; that the inventory and appraisement was made; that the tutor, alleging that the succession owed no debts, was sent into possession as surviving spouse and the minors, as heirs of the deceased, of the property; and that the property was adjudicated to the tutor on the same date, all being done on May 4, 1925. All of the pro-

ceedings including the adjudication and the tutor's bond were filed for record May 11, 1925. There is evidence in the record that was admitted subject to objection that shows that this property sometime after the adjudication to the tutor was mortgaged. There is a copy of two sheriffs' deeds in the record to the effect that this property has been sold by the sheriff under judgment of the court to other parties. The final account, which was duly homologated by the court, shows that the tutor is indebted to the minors for the purchase price of this property and for additional amounts. The deed shows that the minors' interest in the property was adjudicated to the tutor for $1,600 cash.

In the case of Townsend v. Atterberry, 171 La. 885, 132 So. 411, the court stated (page 412):

"The surety contends that it gave no bond for the price of the adjudication, but only for the faithful performance of the tutor's duties, which is true. But in our opinion a tutor who allows or procures the cancellation of a mortgage in which the minor has an interest is guilty of maladministration and therefore has not faithfully discharged the duties of his office, one of which is to protect the interests of his minor. And it matters not how said mortgage originated or against whom or what it bore. If the minor has suffered any injury thereby, the tutor and his surety are liable therefor.

"It is said that the tutor acted in good faith, believing that the bond he furnished was a bond for price of adjudication, and not merely for his faithful administration. That is of no consequence; the fact is that he allowed or even procured the cancellation of the mortgage, and that was maladministration. He and his surety are therefore liable for whatever damage the minor suffered by his said act."

Townsend v. Atterberry, supra, was cited with approval. Pecastaing v. Globe Indemnity Company, 176 La. 31, 145 So. 259.

Under the facts in this case all of the proceedings, including appointment of the tutor and the authorization of the court to permit the tutor to substitute a bond in lieu of having the certificate of inventory recorded, were consummated on the same date and all the proceedings together with the bond filed for record on May 11, 1925. Under the doctrine laid down in Townsend v. Atterberry, supra, the failure of the tutor to record the act of adjudication would be an act of maladministration and the tutor as well as his bondsman would be liable. Furthermore, the final account sets out that the tutor is due the minors $1,600, for the purchase price of their interest in this property as well as other amounts. The court rendered judgment homologating the account and against the tutor for an amount including this amount. This judgment has not been disturbed. Moreover, a writ of execution issued under the judgment against the tutor was returned nulla bona. The minors not being able to recover from the tutor the surety on tutor's bond would be liable. The plaintiff only sues for one-third of the amount of the bond being identical with the amount of his interest in the property adjudicated to the tutor. The property involved in this suit was acquired by third persons

at a sheriff's sale and the title now stands in the name of the third persons.

For the reasons assigned, the judgment of the Court of Appeal dismissing plaintiff's suit as of nonsuit is reversed and set aside and the judgment of the district court is hereby reinstated and affirmed. The defendant to pay all costs.

ODOM, J., dissents.