## INSURANCE COMPANY v. ELDREDGE.

Where a deed of trust of lands to secure a promissory note was released by the trustee without the surrender or payment of the note or the express authority of the holder thereof, a subsequent purchaser with notice takes them subject to the equitable rights of such holder.

APPEAL from the Supreme Court of the District of Columbia.

The facts are stated in the opinion of the court.

*Mr. Walter D. Davidge* and *Mr. Samuel R. Bond* for the appellant.

*Mr. Enoch Totten, contra.*

MR. JUSTICE FIELD delivered the opinion of the court.

In November, 1871, John Van Riswick sold and conveyed certain real property in the city of Washington, of which he then was the owner, to one George B. Coburn, for the sum of $7,734.40, for which the latter gave his three promissory notes, each for $2,578.13, payable respectively in one, two, and three years after date, with interest. To secure these notes, Coburn

executed to one William H. Ward a deed of trust of the property. This deed authorized Ward, upon default in payment of either of the notes, to sell the property, and upon full payment of the notes, and not otherwise, to release and reconvey the property to Coburn. The deed was recorded the same month. In February, 1872, Coburn sold and conveyed the property to one Edwin E. Mayhew, subject to the deed of trust.

In June, 1872, two persons by the names of Aistrop and Dudley jointly borrowed of the complainant, Eldredge, $4,000, for which they gave their note payable in sixty days, and as collateral security delivered to him two of the three notes of Coburn before mentioned, which had been indorsed to them.

In October following, Mayhew, who had subdivided the property into sixteen lots, upon eight of which, fronting on 14th Street, houses were then being constructed, applied to the Connecticut General Life Insurance Company, through its agent at Washington, John G. Bigelow, for a loan of $32,000; and through him the loan was effected, and secured by a deed of trust upon each of the eight lots. To obtain this loan it became necessary to have the existing incumbrances upon the property discharged. The company would not take the property as security with any prior lien upon it. In addition to the deed of trust to secure Coburn's notes, the property was then subject to a prior deed of trust, executed by a former owner, to secure the sum of $7,000. The insurance company left the matter of investigating the title and determining as to the sufficiency of the security to Bigelow, who was specially instructed to see that the company had the first lien upon the property. He employed Ward, the trustee of the Coburn deed, to examine and report upon the title. In compliance, it would seem, with Bigelow's wishes and in conjunction with Van Riswick, who described himself as the holder of the first note of Coburn, but without the consent or knowledge of the complainant, then holding the other two notes, Ward executed a deed of release of the property. It is to set aside this deed, as a fraud upon the rights of the complainant, that the present suit is brought.

It is very plain, from the evidence contained in the record,

that Bigelow, in the course of his inquiries as to the condition of the property, became fully acquainted with the existence of the deeds of trust, and learned that the notes secured were not paid.    The deeds were on record, and he was bound to take notice of them.    The deed of Coburn designated the notes and limited the power of the trustee to release the property. · He was in terms authorized to release and reconvey it only upon the full payment of the notes, and not otherwise.    The deed showed the time the notes had to run, and that by their terms they were not then due.    Unless paid at the time, or, what would be deemed equivalent, surrendered, the trustee had no authority to execute the release.    It was not sufficient that the original payees of the notes joined in the instrument or consented to its execution.    So far as they had parted with the notes they were denuded of power over the subject.

It is not necessary to express any opinion as to the authority of a trustee to release property conveyed to him at any time, where no such restriction, as in the present case, is in terms placed upon his power.    We confine our language to the precise point before us.    Here there was no authority on the part of the trustee to execute the deed until payment of the notes was made.    The fact of their non-payment being known to Bigelow, the agent of the insurance company, knowledge of it must be imputed to the company, his principal; and both must be charged with knowledge of the law and the consequent inability of the trustee, at the time, to release the property.

To prevent misapprehension, it is proper to state that we do not wish to intimate any opinion upon the general question, whether a purchaser of property may not rely upon a release of a previous mortgage or trust-deed found upon the official records of the district where the property is situated, without further inquiry, where he has no knowledge of the non-payment of the indebtedness secured; but what we hold is, that where a purchaser (and a mortgagee or trustee of a trust-deed stands in the same position), at the time of taking a deed, has information that a prior mortgagee or trustee of a prior deed has released the property from the mortgage or trust, without payment of the notes or their surrender, or express authority from the holder of them, he will take the property subject to

any equitable right of the holder of the notes, to secure the payment of which the mortgage or trust-deed was executed.

As to the position that the complainant is barred of the relief he asks by laches in asserting his claim, we do not think there is any force in it. The company, as already stated, must be deemed to have known of the want of power in the trustee to release the property from the Coburn deed, and it does not lie in its mouth to object that the complainant did not sooner seek to set aside the priority of lien thus gained; nor can it aver that his claim to have the instrument cancelled, by which this priority was secured, is a stale one, when asserted within the period allowed by law, and no rights of third parties as bona fide purchasers have intervened to render inequitable the assertion of his original lien.

*Decree affirmed.*