**In re COOK.**

**No. 4322.**

District Court, M. D. Pennsylvania.
March 5, 1937.

Harold S. Taylor, of Binghamton, N. Y., in pro. per.

Lilley & Wilson and William M. Rosenfield, all of Towanda, Pa., for creditor.

JOHNSON, District Judge.

This is a petition and rule to show cause why an order reopening the bankruptcy estate should not be vacated.

On August 31, 1936, A. E. Woodruff, an unsecured creditor of the bankrupt, fil-

ed a petition on behalf of himself and all other unsecured creditors, including Vernon R. Dean, the assignee of the claims of nine creditors, averring that Samuel G. Cook was duly adjudged a bankrupt on October 23, 1922, and that one Joseph W. Beaman, Esq., was duly elected trustee; that the trustee administered the estate by distributing the funds for expenses, preferred claims, and liens, after which the estate was duly closed; that the petitioner recently learned that the bankrupt at the time of his adjudication owned 31 acres 141.1 perches of real estate known as "Haigh's Pond" which was not administered due to an error in description of the petition to sell the bankrupt's real estate; that the same is and was at the time of the administration of the bankrupt estate worth about $200 and is a newly discovered asset; wherefore petitioner prays that the estate be reopened and a trustee selected for the purpose of administering the newly discovered asset. Upon consideration of the petition, the court reopened the case and referred it to the referee in bankruptcy for proper administration.

On December 3, 1936, Harold S. Taylor filed a petition averring that he became owner of the 31 acres and 141.1 perches of real estate by virtue of a quitclaim deed from the bankrupt on June 13, 1936, and that the trustee in selling this property will cause a cloud to be placed on petitioner's title. The petitioner prayed for an order to vacate the order reopening the estate for the reasons: (1) That the proceeding to reopen was instituted by persons not creditors in interest who could benefit by the opening; (2) that the reopening petitioner Woodruff was not acting for the interests of creditors; (3) that the reopening petitioner is barred by laches since the deed conveying the real estate in question into the bankrupt, including the property in question, has been recorded since 1914; (4) that the property in question was considered in the bankruptcy proceeding but disclaimed by the trustee and that before petitioner took the conveyance of the property in question he talked with the former trustee, Joseph W. Beaman, Esq., and understood that the property had been fully considered by him; (5) that the assignments of creditors' claims to Vernon Dean were made without consideration and should not be considered; (6) that by virtue of the trustee's election not to ac-

cept the property it reverted to the bankrupt; and (7) that the property was worthless at the time of the bankruptcy but has become valuable through the efforts of petitioner. In support of the petition a number of affidavits were annexed, including one by A. E. Woodruff which contained a statement that he signed the reopening petition to help a certain rod and gun club obtain the property "and not because of any interest of his own."

To this petition Woodruff filed an answer averring that he filed the reopening petition as an unsecured creditor solely for the purpose of having the newly discovered asset administered and sold to the highest bidder for the benefit of creditors; that said asset was always valuable, but by an inadvertent misdescription in the deed from the bankrupt to the trustee it was excepted instead of included in the deed; that Harold S. Taylor, learning of the error, purchased the property from the bankrupt for the nominal sum of $15 instead of making the facts known to the creditors; that the affidavits in support of Taylor's petition were obtained by threats; and that the words "and not because of any interest of his own" were not in the original affidavit signed by A. E. Woodruff but were added subsequently. The answer denies all the material allegations of the petition and has annexed an affidavit of the former trustee in bankruptcy to the effect that he never had any intention of abandoning or disclaiming any property belonging to the bankrupt estate and never stated to Taylor that he had considered the property or intended to abandon it; that he thought he had administered all of the assets; but that it now appears that the "Haigh's Pond" was overlooked through a misleading description of the deed of the bankrupt's property.

Taylor in his brief contends first that the proceeding to reopen was not instituted by creditors who could benefit by the reopening, in that one Vernon Dean took assignments of various creditors' claims without consideration and prevailed upon Woodruff, a creditor, to sign the petition to open for the purpose of obtaining the property for a rod and gun club; and that Woodruff signed the petition, not to help himself as a creditor of the bankrupt estate, but merely to aid Dean secure the property.

■ The records of the bankruptcy proceeding show that Woodruff was an unsecured creditor of the bankrupt, that his claim was duly proved, and that unsecured creditors received no dividends. Woodruff, therefore, was a proper person to institute the petition to reopen the estate and he, as all other creditors, would benefit by the reopening. Woodruff's petition to open, and the answer filed by him, clearly show that he instituted the proceeding for the purpose of having his own claim paid. The words "and not because of any interest of his own," in Woodruff's affidavit annexed to Taylor's petition, were added without authority of Woodruff. Since Woodruff was a proper petitioner, it is unnecessary to consider the position of Vernon Dean and his assigned claims.

■ Taylor contends that Joseph W. Beaman, the trustee in bankruptcy, disclaimed the property in question by refusing to accept it. The records of the bankruptcy proceeding clearly show that there was no disclaimer of any property by the trustee and that there were no facts to indicate a refusal of the trustee to accept any property. There was no petition to disclaim any property nor any order allowing the trustee to disclaim. The appraisers' report shows that the property in question was not appraised. The entire bankruptcy record is void of any facts showing that this property was mentioned or known to have been owned by the bankrupt. On the other hand, it is clear that it was not known to have been owned by the bankrupt because in the bankrupt's deed to the trustee it was, through an error of misdescription, excepted from the conveyance. It appears from the petition of Taylor that before he purchased the property he consulted Joseph W. Beaman, the former trustee, to determine whether there had been a disclaimer. The affidavit of Beaman is to the effect that he at no time informed Taylor that he had disclaimed the property, but on the other hand advised Taylor that he had not disclaimed. In view of the bankruptcy records and the consultation with the trustee, it appears that Taylor was put on notice of the facts and did not rely solely on the deeds of record showing a conveyance of the property into the bankrupt and no conveyance out from him. Taylor therefore cannot be considered a bona fide purchaser without notice.

■ Taylor finally contends that Woodruff, the reopening petitioner, is barred by laches. While a long period of time has elapsed since the bankruptcy proceeding, and constructive notice of the existence of the property in question in the bankrupt might be imputed to Woodruff, Taylor is not in a position to invoke the equitable doctrine of laches. He does not come to this court with clean hands. 21 C.J. 183, § 165; 186, § 171. The proof is clear that the original affidavit of Woodruff in support of Taylor's petition and annexed thereto has been changed without the authority of Woodruff. This is clear from the fact that a copy of the petition served by Taylor on opposing attorneys contains an affidavit without the changes. The petition of Taylor and one of the annexed affidavits in support thereof are not properly sworn to as they do not contain seals of the notary. There is also some evidence that some of these affidavits were obtained through threats. The proof is clear that before Taylor purchased the property he was put on notice that the property was not disclaimed by the trustee. He purchased it for a nominal sum with notice. He is not a bona fide purchaser who can assert the doctrine of laches. See Connecticut General Life Insurance Co. v. Eldredge, 102 U.S. 545, 26 L.Ed. 245.

Under all the circumstances the estate should be reopened and the property should be put up for sale at which all interested persons can bid.